G.E.M. OF ST. LOUIS, INC. v. CITY OF BLOOMINGTON.
SPARTAN INDUSTRIES, INC., INTERVENOR RESPONDENT.
EVALD A. JACOBSEN, d.b.a. BEN FRANKLIN STORE,
INTERVENOR APPELLANT.

144 N. W. (2d) 552.

July 29, 1966—Nos. 39,745, 39,760.

*John G. Pidgeon,* City Attorney, and *John J. Waters,* Assistant City Attorney, for defendant appellant.

*Faegre & Benson* and *Wright W. Brooks,* for intervenor appellant.

*Feinberg, Mirviss, Meyers, Schumacher & Malmon,* for plaintiff respondent.

*Grannis & Grannis,* for intervenor respondent.

SHERAN, JUSTICE.

Appeals from a judgment of the district court entered pursuant to an order made in response to a motion for summary judgment in proceedings instituted by G.E.M. of St. Louis, Inc., against the city of Bloomington in an effort to establish the invalidity of an ordinance adopted by the city prohibiting certain business activities on Sunday.

The ordinance involved reads as follows:

*"Section 1. Definition and Interpretation.*

"A.   Definition.

" 'Person' as used in this ordinance means a partnership, corporation, association, or any other group however organized and any individual, including the manager of the place where the violation occurs, and any employee or agent actually selling or attempting to sell or collecting moneys or extending credit for a sale.

"B. Interpretation.

"This ordinance is not to be construed as permitting any act which is otherwise prohibited by law.

*"Section 2. Business Activities Prohibited.* On the first day of the week, commonly known and designated as Sunday, within the corporate limits of the City of Bloomington, it shall be unlawful for any person to sell, attempt to sell, or engage in the business of selling clothing and wearing apparel, clothing accessories, footwear, furniture, furs, housewares, household or business or office furnishings and appliances, hardware, tools, paints, building materials and supplies, jewelry, cameras, silverware, watches, clocks, luggage, musical instruments, musical recordings, radio receivers, television receivers, phonographs and record and tape players, lawn mowers, boats, outboard motors, automobile parts, automobile accessories, toys other than novelties and souvenirs, and groceries, dairy products other than ices and ice cream, meats and foods not prepared and served on the premises or served elsewhere by food caterers, and farm implements and machinery.

*"Section 3. Exemptions.* This ordinance shall not apply to an isolated sale from a residence by a person not regularly engaged in the business of selling such items; and provided that this ordinance is not applicable to the sale of groceries, dairy products, meats and other foods

in any place, store or establishment not regularly employing more than four persons; and, provided that it shall not be applicable to the sale of automobile parts or accessories at gasoline service stations and which are customarily available at gasoline service stations; and, provided that it shall not apply to sales made at places where recreational activities such as amusement parks, marinas, sports arenas, etc., are customarily conducted on Sunday when such sales are incidental to the main activity.

"*Section 4. A Defense.* It shall be sufficient a defense to prosecution under this ordinance for selling on Sunday that the place of selling, attempting to sell, or engaging in the business of selling is regularly closed on the seventh day of the calendar week, commonly known as Saturday.

"*Section 5. Violations.* Each separate sale or attempt to sell prohibited by this ordinance shall be a separate offense and violation.

"*Section 6. Penalty.* Any person violating this ordinance shall, upon conviction thereof, be subject to a fine not exceeding $100.00 or imprisonment for not more than ninety days."

The legal issues before this court are: (1) Is the ordinance invalid because of conflict with Minn. St. 624.01 to 624.03 or as an attempt to regulate business in a field preempted by state law? (2) Is the Bloomington ordinance invalid because of the circumstances of its adoption?

■ Our decision in Mangold Midwest Co. v. Village of Richfield, 274 Minn. 347, 143 N. W. (2d) 813, establishes the absence of invalidating conflict between the statute and such ordinances as the one before us and the lack of preemption of this field by state legislation. We recognize that variances between municipal regulations affecting commercial activity, particularly in a metropolitan area, create serious problems. The absence of preemption by the state legislature may lead in the end to the "uninhibited commercial warfare, * * * disparate degrees of peace, repose and comfort in different communities and, in the metropolitan areas, * * * a checkerboard of conflicting regulations" envisioned by the trial judge. Nevertheless, for the reasons outlined in the Mangold case, we feel that the ordinance, if properly adopted, was within the corporate power of the city of Bloomington.

If the Minnesota Legislature determines that local regulation of commercial activity by ordinances of this type is creating economic confusion, the problem can be corrected by a clear expression of the legislative will that regulation of such commercial activity be uniform throughout the state.[1]

■   The circumstances under which the ordinance was adopted involved referendum and initiative procedures of Bloomington's Home Rule Charter and were as follows:

On December 18, 1961, Bloomington adopted Ordinance No. 55, its first "Sunday closing ordinance," as a so-called emergency measure. On April 30, 1962, following a challenge of that ordinance, Bloomington repealed it and adopted Ordinance No. 68, a new "Sunday closing ordinance." On May 16 a referendum petition challenging Ordinance No. 68 was filed. On June 4, 1962, the city council, in effect, declared the referendum petition invalid. On June 11, 1962, the council reconsidered the referendum petition, found it valid, and repealed Ordinance No. 68. On October 1, 1963, an initiative petition was filed and at the election subsequently held in response to the initiative petition the present ordinance was adopted.

The power of the municipal corporation acting pursuant to its charter to submit the ordinance here involved to the voters in response to an initiative petition was not affected by the council's repeal of the ordinances previously enacted by it. There was no attempt here to nullify provisions of a municipal charter by council action—a procedure disparaged by dictum in Megnella v. Meining, 133 Minn. 98, 157 N. W. 991. The vacillation of the city council in adopting and repealing ordinances on a specific subject should not, we feel, foreclose municipal action through the initiative procedures for which provision has been made in the city's charter. Although not directly in point, these decisions give some inferential support to our conclusion: Paetzel v. Clift, 234 Minn. 498, 48 N. W. (2d) 731; State ex rel. Gabbert v. MacQueen, 82 W. Va. 44, 95 S. E. 666; Russell v. Harwood, 20 Misc. (2d) 692, 188 N. Y. S. (2d) 288.

---

[1] A proposed state statute to provide for a common day of rest may be found in 3 Harv. J. Legis. 345.

It has been established that laws of the type here involved do not violate Federal constitutional inhibitions. Braunfeld v. Brown, 366 U. S. 599, 81 S. Ct. 1144, 6 L. ed. (2d) 563; Gallagher v. Crown Kosher Super Market, 366 U. S. 617, 81 S. Ct. 1122, 6 L. ed. (2d) 536; McGowan v. Maryland, 366 U. S. 420, 81 S. Ct. 1101, 6 L. ed. (2d) 393; Two Guys from Harrison-Allentown v. McGinley, 366 U. S. 582, 81 S. Ct. 1135, 6 L. ed. (2d) 551.

Reversed.