PAUL WARSETT AND ANOTHER v.
CITY OF CRYSTAL AND OTHERS.

246 N. W. 2d 182.

September 24, 1976—No. 46206.

*LeFevere, Lefler, Hamilton & Pearson* and *John B. Dean,* for appellants.

*Carroll, Cronan, Roth & Austin* and *Peter E. Lind,* for respondents.

Heard before Rogosheske, MacLaughlin, and Marsden, JJ., and considered and decided by the court en banc.

ROGOSHESKE, JUSTICE.

The trial court enjoined the city of Crystal's suspension for 15 days of the off-sale intoxicating liquor license of Phredd, Inc., a corporate licensee of a liquor store, after conviction of the store's proprietor and corporate president, Paul Warsett, upon his guilty plea of selling liquor to a minor in violation of Crystal City Code, § 1200.35, subd. 2(a). The sole issue raised by the city's appeal is whether such an adjudication of guilt constitutes a "conviction" within the meaning of § 1200.23 of the city's code authorizing suspension of such licenses upon a violation by an agent of a licensee of the city's ordinance governing the sale of liquor notwithstanding the fact that the sentencing court, as authorized by Minn. St. 609.135,[1] imposed no sentence but stayed imposition for 1 year.[2] We hold that it does and reverse.

---

[1] Minn. St. 609.135 provides: "Subdivision 1. Except when a sentence of life imprisonment is required by law, any court, including a justice of the peace to the extent otherwise authorized by law, may stay imposition or execution of sentence and place the defendant on probation with or without supervision and on such terms as the court may prescribe. The court may order the supervision to be under the probation officer of the court, or, if there is none and the conviction is for a felony, by the commissioner of corrections, or in any case by some other suitable and consenting person.

"Subd. 2. (1) In case the conviction is for a felony such stay shall be for not more than the maximum period for which the sentence of imprisonment might have been imposed.

(2) In case the conviction is for a misdemeanor the stay shall not be for more than one year.

(3) In case the conviction is for a gross misdemeanor the stay shall not be for more than two years.

(4) At the expiration of such stay, unless the stay has been revoked or the defendant discharged prior thereto, the defendant shall be discharged."

[2] Since the 1-year suspension has elapsed and Warsett is presumably discharged, he and the licensee urged in their brief that this appeal be

The case was submitted on stipulated facts, summarized above. The only matter in dispute is the applicability to those facts of Crystal City Code, § 1200.23, which reads in pertinent part as follows:

"1200.23. *License Revocation or Suspension.* Subdivision 1. *Violations of Law.* The Council may revoke the liquor license for a violation of any provision of state law, federal law or this Code relating to intoxicating liquor or may suspend the license if revocation is not mandatory.

"Subd. 2. *Grounds.* Conviction of the licensee or of any agent or employee of said licensee for the wilful violation of any of the provisions of * * * any ordinance of the City relating to the * * * sale * * * of intoxicating liquor on the premises operated under the license is grounds for revocation of the license, unless * * * such violation was not wilful * * *, in which case * * * such license may be suspended for a period of not less than 15 days for the first violation."

Warsett and the licensee argue that the "conviction" which the ordinance specifies as a ground for revocation or suspension of a license contemplates a determination of guilt accompanied by the imposition of sentence, but that a determination of guilt alone —in cases such as the instant one where imposition of sentence was stayed—does not constitute a "conviction" authorizing suspension. Therefore, they maintain the city council's suspension following Warsett's appearance and hearing before the city council was not authorized by § 1200.23.

The crucial term "conviction" is not defined in any provision of the city's code. However, since § 100.09 of the city's code expresses the council's intention that the code provisions constitute the fullest exercise of the powers granted to it by state law, the intended meaning of the term must be ascertained from (a) Min-

---

dismissed as moot. However, their counsel conceded during oral argument that this contention is without merit.

nesota statutes, (b) judicial interpretation, and (c) the policies underlying those authorities.

(a) *Minnesota statutes.*

Minn. St. 609.02, subd. 5, defines "conviction," for purposes of the Minnesota Criminal Code, as "(1) [a] plea of guilty; or (2) [a] verdict of guilty by a jury or a finding of guilty by the court." Consistent with this definition, the term "conviction" is used throughout the Criminal Code to designate the guilt determination only and does not refer to the sentencing procedure. For example, § 609.135 itself clearly contemplates that the sentencing process follows and is independent of the "conviction." That provision operates to stay only the sentence, not the conviction; the invocation by a trial court of § 609.135 does not vitiate or void the conviction. See, e. g., § 609.135, subd. 2(1):

"In case the *conviction* is for a felony such stay shall be for not more than the maximum period for which the *sentence* of imprisonment might have been imposed." (Italics supplied.)

This language makes it abundantly clear that a conviction can exist notwithstanding the fact that no sentence has been imposed therefor.

(b) *Judicial interpretation.*

Only one prior decision of this court has construed the term "conviction" in the absence of a statutory definition. Bubar v. Dizdar, 240 Minn. 26, 60 N. W. 2d 77 (1953). In that case, we rejected the contention that the term refers to both a determination of guilt and imposition of sentence. The case involved Minn. St. 629.24, under which a person brought into this state to face a criminal charge becomes subject to service of process in civil actions arising out of the same facts involved in the criminal proceedings only after he has been "*convicted*" in the latter. We ruled that the defendant had been convicted at the point when his plea of guilty was entered. Accordingly, the decision held that the service of process, which occurred at 1:30 p. m., was proper under § 629.24, even though no sentence was imposed upon the

defendant until 3 p. m., since his guilty plea had been entered at 10 a. m.

We reasoned in the Bubar case that, because the purpose of the statute involved was to afford protection to the innocent and not to shield the guilty, the legislative intent would be effectuated by construing the term "convicted" in accordance with its "ordinary and popular legal meaning rather than its technical meaning." 240 Minn. 31, 60 N. W. 2d 80. Similar reasoning in the present context would dictate that the city's code, § 1200.23, be construed so as to protect only those who are innocent, not those who have been adjudicated guilty; the separate consideration of whether the trial judge imposed a criminal sentence upon the admittedly guilty defendant would thus be necessarily irrelevant to the code's purpose.

Our decision also comports with the prevailing judicial interpretation of the term "conviction." See, 9A Wd. & Phr. (Perm. ed.) p. 270; Annotation, 113 A. L. R. 1179. For example, the most recent decision on point, State v. Hanna, 179 N. W. 2d 503 (Iowa 1970), held that, for purposes of a statute requiring the revocation of a liquor license upon "conviction" for certain offenses, the term signifies the mere ascertainment of guilt rather than "the final consummation of the prosecution against the accused including the judgment or sentence rendered pursuant to an ascertainment of his guilt." 179 N. W. 2d 508.

(c) *Policy considerations.*

Since the meaning attributed to "conviction" both by the Minnesota statutes and by the judicial interpretation of this court and those in other jurisdictions accords with the construction urged by the city, Warsett's and the licensee's position is ultimately reduced to their contention that "[t]he purpose and intent behind section 609.135 would be defeated if the appellants were permitted to attach an indirect penalty to [Warsett's] plea of guilty, which plea did not result in a direct penalty." Such was the sole rationale cited in the trial court's memorandum in sup-

port of its injunction prohibiting the suspension of respondent's license.

The flaw in this reasoning is that the purposes served by criminal sanctions, and hence the standards for determining when they should be imposed, are different from those involved in the case of civil penalties. It does not follow from the trial court's determination that it would not benefit society to sentence Warsett upon his plea of guilty, that suspending his employer's license would similarly serve no social purpose. Section 609.135 affords the court discretion to determine that, in light of a particular defendant's character and circumstances (see, Minn. St. 1961, § 610.37 repealed by L. 1963, c. 753, art. 2, § 17), punitive measures of fines and incarceration should not be inflicted upon him. It would be a distortion of the purpose underlying § 609.135, as well as usurpation of the local governing body's well-established regulatory prerogatives with respect to liquor licenses, to rule that a judge's stay of criminal sentencing pursuant to § 609.135 forecloses the power of a city council to suspend a license privilege it had granted. See, generally, Rhyne, Municipal Law, § 27-8; 10A Dunnell, Dig. (3 ed.) § 4911.

This court has always recognized the broad discretion vested in municipal bodies to issue, withhold, suspend, or revoke liquor licenses, and the deference owed by the judiciary to such discretionary exercises of authority by municipal bodies. In Sabes v. City of Minneapolis, 265 Minn. 166, 171, 120 N. W. 2d 871, 875 (1963), we stated:

"No citizen has an inherent or vested right to sell intoxicating liquors, and municipal authorities have broad discretion within their geographical jurisdiction to determine the manner in which liquor licenses shall be issued, regulated, and revoked. Inherent in the right to control the sale of liquor is the power to regulate related activities on the licensed premises. Basically it is the council's duty to decide whether the licensee has been guilty of such unlawful conduct in the operation of his business that its

continuance is detrimental to the public good. In reviewing the proceedings of the municipality it is not the court's function to pass on the wisdom of the revocation, but only to determine whether the council exercised an honest and reasonable discretion, or whether it acted capriciously, arbitrarily, or oppressively. For us to assume greater responsibility would constitute an unconstitutional usurpation of nonjudicial power."

We conclude on the basis of Minnesota statutes, judicial interpretation, and governing policy considerations that the term "conviction" in Crystal City Code, § 1200.23, does apply to cases such as the instant one where a guilt determination is followed by a stay of imposition of sentence.

Reversed.

MR. JUSTICE PETERSON took no part in the consideration or decision of this case.