**Donald LEWIS, Director, Department of Human Rights ex rel. Leonard QUINN, complainant, Appellant,**

**v.**

**FORD MOTOR COMPANY, Respondent.**

**No. 48921.**

Supreme Court of Minnesota.

July 20, 1979.

Suzanne E. Flinsch, City Atty., and Edward P. Starr, Asst. City Atty., St. Paul, for appellant.

Dorsey, Windhorst, Hannaford, Whitney & Halladay and Robert L. Hobbins, Minneapolis, for respondent.

Heard before ROGOSHESKE, TODD, and WAHL, JJ., and considered and decided by the court en banc.

TODD, Justice.

Leonard Quinn was denied full-time employment at Ford Motor Company because

his medical history disclosed an asthmatic condition in his early youth. Quinn filed a discrimination complaint. The trial court granted summary judgment for Ford Motor based on a state statute affording a defense to the discrimination and the medical report of Ford Motor's examining physician, stating that employment of Quinn at Ford Motor could adversely affect his health. We affirm in part and reverse in part.

Quinn was employed by Ford Motor Company on January 26, 1977, as a part-time employee. At that time, he was classified by the medical department as an asthmatic to be hired only part time in the chassis department which apparently has less pollutants than other departments. He was so employed until May 7, 1977, and performed his duties with no apparent health problems. He then sought full-time employment. The medical department of Ford Motor refused to certify him for full-time work unless he could obtain proof that he was not an asthmatic. He was examined by his personal physician who had cared for him for a number of years in other unrelated, occasional medical problems. Quinn's physician filed a report with Ford Motor which stated that he was free of respiratory illness and that his chest X-rays were normal. Ford Motor's physician examined this report, but nevertheless determined that in the light of his medical history, employment of Quinn at the Ford plant on a full-time basis could be detrimental to Quinn's health. Quinn has continued to work part time for Ford.

Because Quinn was denied full-time employment, he filed a complaint of discrimination under the St. Paul Human Rights Ordinance. Ford invoked its right to waive a hearing before the commission and the matter was commenced in district court. The St. Paul ordinance contained language that a defense is available to the employer when the physical disability poses a serious threat to the safety of others, but the ordinance did not contain the language of a state statute which additionally contains a defense when the disability poses a serious threat to the health or safety of the disabled person. Ford moved for summary judgment based on the defense contained in the state statute and depositions and affidavits in the file. The trial court granted summary judgment to Ford because the state statute afforded a defense to Ford and there was no question of material fact that Quinn's asthma posed a serious threat to his health or safety.

The issues presented are:

(1) May a statutory defense to disability discrimination be eliminated by the failure to include it in a city ordinance concerning disability discrimination?

(2) If this statutory defense is available, does the record show no issue of whether Quinn's condition posed a serious threat to his health or safety?

1. St. Paul City Ordinance No. 74.03 provides that except when based on a bona fide occupational qualification, it is unlawful for an employer, because of disability, to refuse to hire an applicant for employment. The ordinance also provides that an employer may assert as a defense to an alleged discrimination practice that the physical disability of the prospective employee "poses a serious threat to the safety of others."

A similar prohibition against discrimination appears in Minn.St. 363.03, subd. 1(2). However, the defenses available to an employer contained in Minn.St. 363.02, subd. 5, are broader in that they include the establishment of the fact that the disability "poses a serious threat to the health or safety *of the disabled person* or others." (Italics supplied.) The parties dispute whether the language of the statute or the ordinance is controlling. The trial court concluded that the statutory defense should be read into the ordinance.

This court has decided several cases involving the issue of whether an ordinance is invalid because of a conflict with a state statute. The leading case set-

ting out the general principles governing the resolution of the issue is *Mangold Midwest Co. v. Village of Richfield*, 274 Minn. 347, 143 N.W.2d 813 (1966). In that case, this court said (274 Minn. 352, 143 N.W.2d 816):

"(a) As a general rule, conflicts which would render an ordinance invalid exist only when both the ordinance and the statute contain express or implied terms that are irreconcilable with each other.

"(b) More specifically, it has been said that conflict exists where the ordinance permits what the statute forbids. *Power v. Nordstrom*, 150 Minn. 228, 184 N.W. 967, 18 A.L.R. 733.

"(c) Conversely, a conflict exists where the ordinance forbids what the statute *expressly* permits. *Power v. Nordstrom, supra.* A part of the holding of that case was that an ordinance requiring the closing of movie theatres on Sunday was not inconsistent with the state Sunday closing statute since the latter, while not specifically forbidding theatres to open, did not expressly permit them to either.

"(d) It is generally said that no conflict exists where the ordinance, though different, is merely additional and complementary to or in aid and furtherance of the statute. This rule is illustrated in *State v. Clarke Plumbing & Heating, Inc.*, 238 Minn. 192, 56 N.W.2d 667. That case dealt with an ordinance requiring a license and permits to install heating systems. Defendant was denied a permit because his plans were not prepared by a registered engineer, as required by the ordinance. The court held the ordinance valid despite the existence of a similar statute that did not have as broad a coverage as the ordinance, saying that the city could well have determined that greater restriction was necessary in a community of its size. This was consistent with the statute."

Accord, *G. E. M. of St. Louis, Inc. v. City of Bloomington*, 274 Minn. 471, 144 N.W.2d 552 (1966).

■ Applying these principles to this case, we hold that the language of the statute controls and that it is a defense to disability discrimination if the disability seriously threatens the health or safety of Quinn. The statute clearly and expressly grants to an employer the right to discriminate against a disabled potential employee on the grounds that such employment would pose a serious threat to the health or safety of the potential employee. The ordinance cannot remove this defense by directly withdrawing it and it cannot indirectly achieve the same result by failing to deal with the subject matter.

2. A more difficult question is posed in determining the propriety of summary judgment in this case. Quinn disclosed a childhood episode of possible asthma. Medical records of his treatment at that time could not be found. He has no recent history of asthma, and his personal physician upon examination found no medical evidence of a respiratory ailment. Ford's physician, without the benefit of a similar physical examination, concluded that the mere existence of a possible childhood bout with asthma is a sufficient basis for denying employment.

■ Obviously, Ford has legitimate concerns of its own in not hiring an employee who has a higher potential for becoming disabled on the job, thereby requiring the payment of substantial compensation benefits. However, the record before us indicates a substantial medical dispute as to whether or not Quinn is in fact an asthmatic so as to pose a serious threat to his health or safety. Under these circumstances, we deem it in the best interests of justice to remand for an evidentiary hearing. If such a hearing discloses that Quinn is in fact an asthmatic so as to pose a serious threat to his health or safety, then the refusal to hire is justified. However, if such a disability is not shown, then the refusal to hire is unjustified.

Affirmed in part; reversed in part; and remanded.

OTIS, J., took no part in the consideration or decision of this case.