**BOURBON BAR & CAFE CORPORATION,**

**d/b/a Bourbon Bar, et al., Relators,**

v.

**CITY OF ST. PAUL, et al., Respondents.**

**No. C7-90-2233.**

Court of Appeals of Minnesota.

March 5, 1991.

Earl P. Gray, Mark D. Nyvold, St. Paul, for relators.

Jane A. McPeak, St. Paul City Atty., Philip B. Byrne, Asst. City Atty., St. Paul, for respondents.

Considered and decided by KALITOWSKI, P.J., and SHORT and POPOVICH,* JJ.

## OPINION ·

SHORT, Judge.

This case arises from the St. Paul City Council's decision to revoke the liquor licenses [1] of the Bourbon Bar & Cafe Corporation, whose only shareholders are Ronald J. Brown and Roger L. Wingert. The city sought to revoke the Bourbon Bar's liquor licenses because Wingert pleaded guilty to possession of cocaine. An administrative law judge (ALJ) conducted a hearing upon the city's request to determine whether the bar's licenses should be revoked. The ALJ recommended the city take no adverse action against the Bourbon Bar because the disposition of the charge against Wingert pursuant to Minn.Stat. § 152.18 (1988 & Supp.1989) was not a "conviction" under Minnesota statutes or the St. Paul Legislative Code. The St. Paul City Council rejected the ALJ's ultimate conclusion, ruling Wingert's guilty plea was a conviction which could be used to revoke the licenses. We granted a stay of revocation pending the outcome of this appeal.

## FACTS

In August of 1989, St. Paul police stopped a car on I–94 because the officers observed the driver and passenger of the car passing a marijuana cigarette back and forth. A search of the automobile revealed a small bag of cocaine, a pill bottle containing a marijuana cigarette, and a partially smoked marijuana cigarette. The driver of the car was Wingert but the vehicle did not belong to him or to his passenger.

Wingert admitted he had been smoking marijuana and accepted responsibility for the marijuana cigarettes. He also admitted to driving while his license was suspended. Wingert told the police he had borrowed the car from a friend, and he denied knowledge of the cocaine found under the front seat. The owner of the car told police Wingert did not have his permission to use the car.

Wingert was later charged with possession of cocaine and with theft of a motor vehicle. The parties reached a plea agreement under which Wingert agreed to plead guilty under *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970),[2] to the charge of possessing cocaine with disposition pursuant to Minn.Stat. § 152.18 (1988 & Supp.1989). The county agreed to withdraw the theft charge. Wingert pleaded guilty to possessing cocaine, and the court accepted the guilty plea and the plea agreement. Without entering a judgment of guilty, the court then disposed of the case under section 152.18 and imposed conditions of probation.

Shortly thereafter, Wingert received two letters from the St. Paul City Attorney's Office informing him of possible adverse action against all of the corporation's liquor licenses. While the notices stated as grounds for revocation Wingert's pleading guilty to cocaine possession, smoking a marijuana cigarette while driving, and driving while his driver's license was under suspension, the city council relied solely on Wingert's purported conviction to revoke the licenses.[3]

## ISSUE

Is a guilty plea with disposition pursuant to Minn.Stat. § 152.18 a "conviction" jus-

---

* Retired chief justice, acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10, and Minn.Stat. § 2.724, subd. 3 (1990).

1. These licenses include an on-sale liquor license, a Sunday on-sale liquor license, an off-sale malt liquor license, an entertainment license, and a restaurant-B license.

2. One of the holdings in *Alford* is that when evidence of guilt substantially negates a defendant's claim of innocence and provides a strong factual basis for a guilty plea, so that the defen-

dant intelligently concludes he should plead guilty, the court may accept the guilty plea despite the defendant's claim of innocence. *Alford*, 400 U.S. at 37–38, 91 S.Ct. at 167–68; *see also State v. Goulette*, 258 N.W.2d 758, 760, 761 (Minn.1977) (adopting *Alford*).

3. The issue of whether the city may revoke the licenses of Wingert's corporation on grounds other than a conviction is not before us. *See* St. Paul, Minn., Legislative Code § 310.06(b)(6)(i) (1990).

tifying revocation of liquor licenses under Minn.Stat. ch. 364 and St. Paul, Minn., Legislative Code § 310.06(b)(6)(ii) (1990)?

## ANALYSIS

Municipal authorities have broad discretion to determine the manner in which liquor licenses are issued, regulated, and revoked. *Sabes v. City of Minneapolis*, 265 Minn. 166, 171, 120 N.W.2d 871, 875 (1963). On appeal from a municipality's revocation of a liquor license, review is limited to determining whether the city council exercised reasonable discretion, or whether it acted capriciously, arbitrarily or oppressively. *Id.; see also Wajda v. City of Minneapolis*, 310 Minn. 339, 343, 246 N.W.2d 455, 457 (1976). Similarly, the scope of review upon writ of certiorari is whether the administrative body exceeded its jurisdiction, proceeded on an erroneous theory of law, or acted arbitrarily, oppressively, and unreasonably. *Haaland v. Pomush*, 263 Minn. 506, 510, 117 N.W.2d 194, 197 (1962).

The City of St. Paul may take adverse action against a licensee if the licensee has been "convicted" of a crime that disqualifies the licensee from holding the license. St. Paul, Minn., Legislative Code § 310.06(b)(6)(ii) (1990). However, Minnesota statutes expressly prohibit the use of a discharge or dismissal as a "conviction" for any purpose. *See* Minn.Stat. § 152.18, subd. 1 (Supp.1989). Under section 152.18, if Wingert complies with the conditions of his probation and the court discharges him and dismisses the proceedings, there would be no "conviction" upon which the city could take adverse action against him. *See Barlow v. Commissioner of Pub. Safety*, 365 N.W.2d 232, 233 (Minn.1985) (section 152.18 authorizes "expungement," which erases all evidence of the incident as if it never occurred). The statute prohibits the city from using a section 152.18 disposition as a "conviction" under its license revocation provisions.

The city argues under state law a guilty plea is a conviction. *See* Minn.Stat. § 609.02, subd. 5; *Warsett v. City of Crystal*, 310 Minn. 325, 331, 246 N.W.2d 182, 186 (1976). The argument is correct but misses the mark. Any interpretation of "conviction" in the city code which leads to a result in conflict with Minn.Stat. § 152.18 must fail. *See Lewis ex rel. Quinn v. Ford Motor Co.*, 282 N.W.2d 874, 876–77 (Minn.1979). Statutes take precedence over municipal ordinances.

While the discharge and dismissal statute uses the term "conviction," it cannot be interpreted in this context to include a guilty plea without contravening the very purpose of the section 152.18 disposition procedure. The policy underlying the statute is to give those found guilty of relatively minor offenses involving possession of controlled substances a "second chance." *See* Minn.Stat. § 152.18, subd. 2 (1988); *see also* Minn.Stat. § 364.01 (1988) (declaring Minnesota's policy favoring rehabilitation of criminal offenders, including the opportunity to pursue a meaningful occupation).

Section 152.18, subdivision 1, provides that upon a guilty plea to certain offenses involving possession of a controlled substance, the court may defer further proceedings and place the person on probation "without entering a judgment of guilty." *See State v. Goodrich*, 256 N.W.2d 506, 511–12 (Minn.1977) (trial court deferred imposition of sentence under section 152.18 "without entering a judgment of guilty"); *State v. Halverson*, 373 N.W.2d 618, 620 (Minn.App.1985) (there is no adjudication of guilt under section 152.18). If the person violates probation, the court may enter an adjudication of guilt. Minn.Stat. § 152.18, subd. 1. If the person does not violate probation, the court must discharge the person and dismiss the proceedings "without court adjudication of guilt." *Id.* Thus, even though there may be a guilty plea, the section 152.18 process specifically anticipates withholding judgment to give the offender a second chance.

The statute is silent on the issue of whether the finding of guilt before discharge and dismissal should be deemed a "conviction," or whether adverse licensing action may be taken during the period of probation. However, it would be absurd to allow adverse action during this period because it would nullify the statutory prohibition against using the discharge or dismis-

sal as a "conviction" for any purpose. *See* Minn.Stat. § 645.17(1) (1988) (the legislature does not intend a result that is absurd or unreasonable). Therefore, the disposition of Wingert's case was not a statutory "conviction," and the city may not treat it as a conviction unless Wingert violates the conditions of his probation and the court enters an adjudication of guilt. *See* Minn. Stat. § 152.18, subd. 1. Because the revocation itself was improper, we need not consider its impact on Ronald Brown, the Bourbon Bar's other owner.

## DECISION

The St. Paul City Council proceeded on an erroneous theory of law when it used Wingert's guilty plea with disposition pursuant to Minn.Stat. § 152.18 as a "conviction" to justify the revocation of the Bourbon Bar & Cafe Corporation's liquor licenses.

Reversed.