**John Gilbert DOZIER, Relator,**

v.

**COMMISSIONER OF HUMAN SERVICES, Respondent.**

No. C9-95-2320.

Court of Appeals of Minnesota.

April 23, 1996.

Review Denied July 10, 1996.

394

Carl M. Warren, Univ. of MN, Minneapolis, for appellant.

Hubert H. Humphrey, III, Attorney General, Catherine Margaret Meek, Asst. Attorney General, St. Paul, for respondent.

Considered and decided by TOUSSAINT, C.J., LANSING, P.J., and MANSUR, J.

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

## OPINION

MANSUR, Judge.*

Respondent Commissioner of Human Services disqualified relator John Gilbert Dozier, who had pleaded guilty to a felony drug charge, from working in direct contact with children served by a DHS-licensed day care center. Because the disqualification and subsequent refusal to set it aside were based on substantial evidence and were not arbitrary or capricious, we affirm.

## FACTS

John Gilbert Dozier was employed by the Children's Home Society of Minnesota at a child care center licensed by the Minnesota Department of Human Services (DHS). After the employer initiated a background study of Dozier, whose work involved direct contact with children, it learned that Dozier had pleaded guilty to fifth-degree possession of crack cocaine, a felony drug charge, on March 3, 1994. By a letter dated July 22, 1994, the DHS Licensing Division Background Studies Unit (Background Studies Unit) notified Dozier that he was disqualified due to the guilty plea on the felony drug charge. Although Dozier was notified of his right to request reconsideration, he did not make the request.

While Dozier was undergoing the background check, Hennepin County District Court deferred further proceedings on the felony drug charge. The court placed Dozier on probation until May 3, 1996.

In May 1995, Dozier reapplied for a position involving direct contact with children served by a DHS-licensed facility. By a letter dated June 7, 1995, the DHS advised Dozier that he continued to be disqualified due to the March 3, 1994, guilty plea to the felony drug charge. He was again notified that he could request reconsideration, which he did in a timely manner. The Commissioner denied Dozier's request, and Dozier petitioned for a writ of certiorari.

## ISSUES

I. Did the Commissioner properly disqualify relator from working based on his guilty plea to a felony drug charge?

II. Did the Commissioner properly decline to set aside the disqualification?

## ANALYSIS

■■■ Unless the Commissioner's decision is arbitrary and capricious and without substantial support in the record, we shall affirm. *See* Minn.Stat. § 14.69(e), (f) (1994). When reviewing questions of law, however, we are not bound by the agency's decision, and we need not defer to the agency's expertise. *REM–Canby v. Minnesota Dep't of Human Servs.*, 494 N.W.2d 71, 74 (Minn. App.1992).

### I. Disqualification

To protect the health, safety, and rights of children and others served by DHS-licensed programs, the DHS licensure rules set out procedures for background studies of individuals affiliated with those programs. Minn.R. 9543.3000–.3090 (1993). The rules specify 60 separate types of criminal activity that may serve to disqualify an individual from DHS programs. *Id.*, 9543.3070, subpt. 1.A(1)–(60). If criminal activity did not result in a conviction, an individual may still be disqualified if he

> has admitted to or a preponderance of the evidence indicates the individual has committed an act that meets the definition of [one of the 60 crimes listed].

*Id.*, subpt. 1.B.

■■■ Here, Dozier's criminal activity may not result in a felony conviction. Pursuant to Minn.Stat. § 152.18 (1994), the court did not enter a judgment of guilty and may, in its discretion, dismiss the proceedings. Because the DHS licensure rules do not require a conviction, the Commissioner properly relied on Dozier's guilty plea as an admission of the facts constituting the offense. *Cf. Bourbon Bar & Cafe Corp. v. City of St. Paul*, 466 N.W.2d 438 (Minn.App.1991) (concluding guilty plea with disposition pursuant to Minn. Stat. § 152.18 was not "conviction"). Fifth-degree drug possession falls squarely within subsection (60) of the rule, which covers felony prohibited drug crimes under Minn.Stat. ch. 152. Therefore, Dozier's disqualification was neither arbitrary nor capricious, nor without a substantial basis in fact.

In reaching our decision, we expressly do not rely on *In re Woollett*, 540 N.W.2d 829 (Minn.1995). Woollett was prohibited from obtaining a peace officer license based on a felony conviction that had reverted to a misdemeanor under Minn.Stat. § 609.13, subd. 1(2) (1994). *Woollett* involved a police board subject to its own administrative rules and different statutory provisions. *See, e.g.,* Minn.Stat. § 364.09 (1994) (expressly exempting police board but not DHS-licensed programs from Offenders' Rehabilitation Act). Legally and factually the two cases are distinct.

### II. Denial on Reconsideration

■■■ The Commissioner may set aside a disqualification if the information relied on is incorrect or the individual does not pose a risk of harm to any person served by the applicant. Minn.Stat. § 245A.04, subd. 3b(a)(1), (2) (1994). To evaluate the latter basis for setting aside a disqualification, the administrative rules require that the Commissioner consider at least:

(1) the nature and severity of the disqualifying event;

(2) the consequences of the disqualifying event;

(3) the number of disqualifying factors or events;

(4) the relation between the disqualification and the health, safety, and rights of persons served by the program, including factors such as:

(a) the age and vulnerability of victims at the time of the incident;

(b) the harm suffered by a victim; and

(c) the similarity between a victim and persons served by the program;

(5) the time elapsed without a repeat of the same or similar event;

(6) documentation of successful completion of training or rehabilitation pertinent to the incident; and

(7) any other information relevant to the reconsideration decision.

Minn.R. 9543.3080, subpt. 3.B (1993). It is the employee's responsibility to submit information showing that he does not pose a risk to the people served by the DHS-licensed program. *Id.,* subpt. 1.B.

The record demonstrates substantial evidence that Dozier poses a risk to the children served by the DHS program. Although he has satisfactorily completed court-ordered chemical dependency treatment, he remains on probation for the felony possession offense until May 13, 1996. The Commissioner assessed all of the risk of harm factors and considered the BCA and FBI records. Among the factors, the Commissioner considered the effect of the particular crime on the vulnerable individuals served by the DHS-licensed program. The Commissioner was persuaded that the recency of the offense and Dozier's lack of insight on how his actions affected and could affect others did not support setting aside the disqualification. The decision is supported by substantial evidence.

### DECISION

Dozier's guilty plea to a felony drug possession charge was a sufficient basis to disqualify him from working in direct contact with children in a DHS-licensed child care center. The Commissioner considered all relevant factors in her decision not to set the disqualification aside. The Commissioner's decisions were based on substantial evidence and were not arbitrary or capricious.

**Affirmed.**