**HAMLINE–MIDWAY NEIGHBORHOOD STABILITY COALITION, et al.,**
Relators,

v.

**CITY OF ST. PAUL, St. Paul Firearms Co., Respondents.**

No. CX–95–2312.

Court of Appeals of Minnesota.

April 30, 1996.

Kent G. Harbison, Richard G. Snyder, Fredrikson & Byron, P.A., Minneapolis, for Relators.

Timothy E. Marx, City Attorney, Philip B. Byrne, Assistant City Attorney, St. Paul, for City of St. Paul.

Christopher J. Dietzen, Larkin, Hoffman, Daly & Lindgren, Ltd., Minneapolis, David Feinwachs, Minneapolis, for St. Paul Firearms Co.

Considered and decided by KLAPHAKE, P.J., and RANDALL and FOLEY, JJ.

## OPINION

FOLEY, Judge.*

A neighborhood group challenges the city's decision to license a firearms business despite its location near protected uses. Because the license violates the city's zoning ordinance and the city failed to follow proper procedures in issuing the license, we reverse.

## FACTS

In February 1993 the St. Paul Firearms Company (SPFC) applied to the City of St. Paul (city) for a license to sell firearms. During SPFC's application process, the city council passed an interim ordinance imposing a moratorium on gun shops near "protected uses," such as schools, playgrounds, parks, places of worship, and day care centers, until reconsideration of the city's Comprehensive Plan and Regulatory Ordinances. The moratorium exempted "currently licensed" gun shops. The moratorium became effective

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 2.

June 28, 1993. The city issued SPFC a conditional license October 14, 1993.

The Hamline–Midway Stability Coalition (the Coalition) filed suit against the city and SPFC. The district court granted summary judgment for the Coalition and granted a writ of mandamus ordering the city to revoke SPFC's license. The city council passed a resolution revoking SPFC's license on August 24, 1994. SPFC appealed to this court, which vacated the writ of mandamus because the district court lacked subject matter jurisdiction to review the issuance of the license.

The city council never acted upon this court's order by reversing the SPFC license revocation. SPFC never requested the city to act. Ten days after this court's decision, SPFC submitted an application for a 1995–1996 license on April 27, 1995. The Office of License, Inspections, and Environmental Protection (LIEP) issued SPFC a license on August 29, 1995. The Coalition filed a writ of certiorari with this court in October 1995.

The Coalition argues that the city issued SPFC a *new* license in violation of St. Paul Legislative Code § 60.614(12) (1995), which prohibits gun shops within 1000 feet of protected uses, and without following necessary requirements of a class III license.

### ISSUES

I. Did the city issue SPFC's 1995–1996 license in violation of its zoning ordinance restricting the location of firearms businesses?

II. Did the city issue SPFC a license without following requirements of a new license?

### ANALYSIS

#### I

The Coalition argues SPFC's 1995–1996 license violates existing law. Gun shops may not exist within 1000 feet of "protected uses." St. Paul Legis. Code § 60.614(12)(a) (1995). It is undisputed that SPFC is located within 1000 feet of several protected uses. Section 60.614(12) contains no exceptions for on-going businesses. SPFC argues that because its 1995–1996 license was a renewed license, it does not violate section 60.614(12).

Pursuant to the district court's writ of mandamus, the city council unanimously revoked SPFC's license on August 24, 1994. The resolution was "based on" the district court's order. But the city's revocation stands separate from the district court's order. In construing state statutes, "[a] law shall not be deemed repealed because the reason for its passage no longer exists." Minn.Stat. § 645.40 (1994). St. Paul follows state rules of legislative construction. St. Paul Legis. Code § 2.15 (1956) (barring clear conflict, state's statutory or case law rules of construction apply to St. Paul Code of Ordinances). The revocation of SPFC's license did not automatically lapse when this court vacated the district court's writ of mandamus.

Further, an assistant city attorney wrote to the city council and specifically "recommend[ed] that the Council adopt the attached resolution to rescind the invalid revocation of the license." The city council never adopted the proposed resolution to rescind SPFC's license revocation.

Because the city council never reinstated SPFC's 1994–1995 license, SPFC was required to apply for a new license. SPFC's 1995–1996 license application was a new license application. Because SPFC is located within 1000 feet of protected uses, its license violates section 60.614(12).

SPFC argues that its 1994–1995 operations, before the enactment of section 60.614(12), established a preexisting, nonconforming use. A lawful use that exists when an ordinance prohibiting that use becomes effective may continue. St. Paul Legis. Code § 62.102(e) (1995). But SPFC never existed as a lawful use; its 1994–1995 operations violated an interim moratorium ordinance.

The city council enacted an interim moratorium ordinance that prohibited firearm businesses within 1000 feet of a "protected use." The moratorium exempted ongoing businesses by providing that "[n]otwithstanding this restriction, any *currently*

*licensed* firearms business may continue * * * ." (Emphasis added.) SPFC was not a currently licensed business; its license application was completed months after the moratorium took effect. SPFC argues that several individual council members stated the moratorium would not apply to SPFC. But when the statutory language is "clear and unambiguous, courts must give effect to its plain meaning" without consulting legislative history or the gratuitous comments of council members. *Green Giant Co. v. Commissioner of Revenue*, 534 N.W.2d 710, 712 (Minn. 1995). A statute is ambiguous only if it is "susceptible to more than one reasonable interpretation." *Phelps v. Commonwealth Land Title Ins.*, 537 N.W.2d 271, 274 (Minn. 1995). Only one reasonable explanation of the moratorium exists: all firearms businesses must comply with the location requirements except for those that already have a license. Moreover, the city council specifically considered an amendment to the moratorium that would exclude all currently pending license applications. This amendment never passed.

■ SPFC argues that the doctrine of equitable estoppel prevents application of the moratorium. Although this argument may be appropriate against the city, it is inappropriate against a third party attempting to enforce a city ordinance.

Because the 1994–1995 SPFC license violated the interim moratorium, it was not a preexisting legal use. The 1995–1996 license violates section 60.614(12) because SPFC is located near protected uses.

## II

■ The Coalition argues the city failed to follow the requirements for issuing a new license. The parties agree that a license to sell firearms is a class III license. SPFC's 1995–1996 license was a new, rather than a renewed, license. A new class III license requires an investigation by the fire department, review by the zoning administrator, a public hearing, and a city council resolution for the LIEP director to issue the license. St. Paul Legis. Code § 310.04(d)(1) (1995). All licenses must "compl[y] with all applica-

ble ordinances and statutes." St. Paul Legis. Code § 310.03 (1986).

The LIEP issued SPFC a 1995–1996 license without a public hearing or a city council resolution. Instead, it sent the Coalition a letter in May 1995 stating that SPFC's license would be renewed automatically unless a council member requested a public hearing. This letter fails to satisfy the requirements of section 310.04.

The city and SPFC argue that the city's actions are not void or voidable. But neither party could cite, nor could we find, authority that a city's actions are not voidable for failure to follow proper procedure. The city did not merely fail to post proper notice, barely miss a procedural deadline, or skip a minor step. The LIEP issued the license without a public hearing, and without consideration or approval by the city council. The office entirely bypassed the city council. We therefore conclude the city's failure to follow section 310.04(d)(1) renders its actions voidable, and we reverse the 1995–1996 SPFC license.

The city requests sanctions for the Coalition's arguments about the record on appeal, and SPFC requests sanctions for a meritless appeal. We conclude the Coalition's arguments about the record do not require sanctions and the Coalition's appeal has merit and was brought for a proper purpose.

## DECISION

The issuance of a license to sell firearms violated a city ordinance's prohibition of firearms businesses near protected uses and proper procedures.

**Reversed.**