*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0288**

Thai Ginger Restaurant, Inc., et al.,
Relators,

vs.

City of Saint Paul, City Council,
Respondent.

**Filed December 21, 2015
Affirmed
Harten, Judge\***

St. Paul City Council
File No. RES PH 14-349

Shuly Her, Der Yang, Village Lawyer, LLC, St. Paul, Minnesota (for relators)

Samuel J. Clark, St. Paul City Attorney, Virginia D. Palmer, Assistant City Attorney, St. Paul, Minnesota (for respondent)

Considered and decided by Johnson, Presiding Judge; Larkin, Judge; and Harten, Judge.

## UNPUBLISHED OPINION

**HARTEN**, Judge

Relators, a restaurant and its owner, argue that respondent city acted on unlawful procedure when it revoked relators' liquor license and that the revocation was not based on

---

\* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

substantial evidence and was unreasonable, arbitrary, and capricious. Because we conclude that the city did not exceed its authority or act on unlawful procedure and that the revocation was a reasonable exercise of the city's discretion, we affirm.

**FACTS**

In April 2014, relators Thai Ginger Restaurant, Inc. and its president, Kyrina Sengmavong, purchased liquor at retail while on the no-sale list, a violation of state law that resulted in a $1,500 fine, which they paid.

In October 2014, the license inspector for the Department of Safety and Inspections (DIS) notified relators that their insurer had reported cancellation of their liquor liability insurance since December 2013 and ordered them to stop serving liquor until they submitted a certificate showing no lapse in coverage. The certificate relators submitted showed coverage only after 31 October 2014, indicating a ten-month gap in coverage during which relators served liquor.

The city's legislative code includes a matrix of penalties for various violations. The penalty for a second appearance on a failure to comply with statutory requirements for liability insurance is revocation. St. Paul Legislative Code, § 409.26(b). On a first appearance, a licensee may elect to pay the recommended fine rather than appear, and that payment "shall be considered an 'appearance' for the purpose of determining presumptive penalties for subsequent violations." *Id.* Relators paid the recommended fine for their first violation; thus, this was their second appearance.

On 14 November 2014, relators received a notice of their violation. It recommended that their license be revoked based on "the egregiousness of [their] conduct, and the public

2

safety risk it posed" and gave them the option of contesting the recommendation at a hearing. After relators requested a hearing, a notice of the hearing date, 17 December 2014, was mailed to them.

On that date, city council members and relator's husband, David Souvanphong, appeared. Souvanphong explained that relator Sengmavong was in the hospital following a C-section, that she handled the restaurant finances, that he was not familiar with the restaurant's paperwork, that neither he nor Sengmavong knew the insurance had lapsed, and that he did not know if Sengmavong had seen the cancellation notice sent out by the insurer.

A council member then said to Souvanphong, "[Y]ou're trying to answer questions for things that . . . you typically aren't responsible for, so . . . it might make sense to do [a] layover [of the hearing] . . . ." The council president then said, "Does that work for every[one] . . . [a] motion to lay the matter over until January 7th?" The clerk then read out the names of the council members present and said, "Six in favor. None opposed. The resolution is laid over to January 7th." Souvanphong was present throughout these proceedings.

On 7 January, the hearing reconvened. Neither Sengmavong nor Souvanphong was present. The city council voted to revoke relators' liquor license.

Relators challenge the revocation, arguing that the revocation was made upon unlawful procedure and was an upward deviation unsupported by substantial evidence.[1]

---

[1] Relators argued in their brief that the city also exceeded its authority by revoking the license, but conceded at oral argument that the city did have authority for the revocation.

**D E C I S I O N**

**Standard of Review**

"On appeal from a municipality's revocation of a liquor license, review is limited to determining whether the city council exercised reasonable discretion, or whether it acted capriciously, arbitrarily, or oppressively." *Bourbon Bar & Cafe Corp. v. City of St. Paul*, 466 N.W.2d 438, 440 (Minn. App. 1991).

**1.      Was the procedure unlawful?**

Relators argue that, because Sengmavong was unable to testify at the 17 December hearing and was not notified of the 7 January hearing, the procedure was unlawful. But her husband, Souvanphong, was present and testified at the 17 December hearing; he also heard the resolution to continue the hearing until 7 January when Sengmavong would be able to be present. When neither Sengmavong nor Souvanphong appeared on 7 January or notified the council that they would be absent, the matter proceeded in their absence. But Sengmavong was not deprived of the essentials of due process, i.e., adequate notice and a meaningful opportunity to be heard. *See Staeheli v. City of St. Paul*, 732 N.W.2d 298, 304 (Minn. App. 2007). Souvanphong and other witnesses testified on Sengmavong's behalf at the 17 December hearing, and Sengmavong could have testified herself if she had appeared on 7 January. The city's procedure was not unlawful.

**2.      Was the revocation supported by substantial evidence and not unreasonable, arbitrary, or capricious?**

"Municipal authorities have broad discretion to determine the manner in which liquor licenses are issued, regulated, and revoked." *Bourbon Bar & Cafe*, 466 N.W.2d at 440. A liquor license applicant must demonstrate proof of financial responsibility, which

includes "a certificate that there is in effect for the license period an insurance policy . . . ." Minn. Stat. § 340A.409, subd. 1(1) (2014). The municipal authority, "[o]n a finding that the license . . . holder ha[d] . . . failed to comply with an applicable statute . . . relating to . . . the operation of the licensed establishment . . . may [1] revoke the license . . . ." Minn. Stat. § 340A.415 (2014).

The city has adopted a matrix of "[p]resumptive penalties for violations" of 12 regulations, including "(12) Failure to comply with statutory . . . requirements for liability insurance." St. Paul Legislative Code, § 409.26(b) (2014). The penalties increase in severity if the licensee has one or more prior "appearances" for previous violations. *Id.* The penalty for "(12) Failure to comply with statutory . . . requirements for liability insurance" is a ten-day suspension on the licensee's first appearance and revocation on the licensee's second appearance. *Id.* Having found that (1) relators had failed to comply with the statute requiring an insurance policy to be maintained and (2) this was relators' second appearance, the city revoked relators' license.

Relators argue that "there was no evidence . . . to substantiate a deviation from the [c]ity's own matrix of ten days' suspension for a first time violation," implying that this was their first appearance because they paid a fine rather than appearing for their first violation. But the code explicitly rejects this argument: "A licensee who would be making a first appearance . . . may elect to pay the fine . . . without an appearance . . . . Payment of the recommended fine . . . shall be considered an 'appearance' for the purpose of determining presumptive penalties for subsequent violations." *Id.*

5

Relators also argue that, because their previous appearance was not for failure to maintain liability insurance but for a different violation, this was their first appearance in regard to that offense. Again, the code rejects this argument.

> (d) *Subsequent appearances*. Upon a second, third, or fourth appearance . . . by a particular licensee, the council shall impose the presumptive penalty for the violation or violations giving rise to the subsequent appearance without regard to the particular violation or violations that were the subject of the first or prior appearance.
> (e) *Computation of time*.
> (1) *Second appearance*. A second violation within twelve (12) months shall be treated as a second appearance for the purpose of determining the presumptive penalty.

*Id.* This was relators' second appearance; the presumptive penalty for their offense was revocation.

The city exercised reasonable discretion and did not act capriciously, arbitrarily, or oppressively when it imposed the presumptive penalty and revoked relators' license. *See Bourbon Bar & Cafe*, 466 N.W.2d at 440.

**Affirmed.**