*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A23-0607**

City of Blaine, a Municipal Corporation,
Respondent,

vs.

Shanice Chante Hines-Hyatt,
Relator.

**Filed February 5, 2024**
**Reversed and remanded**
**Larkin, Judge**

City of Blaine

Kevin S. Sandstrom, Eckberg Lammers, P.C., Stillwater, Minnesota (for respondent)

Marshall H. Tanick, Meyer Njus Tanick, PA, Minneapolis, Minnesota (for relator)

Considered and decided by Frisch, Presiding Judge; Johnson, Judge; and Larkin, Judge.

**NONPRECEDENTIAL OPINION**

**LARKIN**, Judge

Relator-restaurant-owner challenges respondent city's denial of her liquor-license application. Because the record indicates that the decision to deny relator's application was made by the city clerk, and not the city council as required by city ordinance, we reverse and remand for a decision by the city council.

**FACTS**

Relator Shanice Chante Hines-Hyatt owns the Irie Vybz Jamaican Restaurant. In the fall of 2022, relator moved the restaurant from Brooklyn Center to Blaine. After moving the restaurant, relator applied to respondent City of Blaine for on-sale and Sunday sale intoxicating liquor licenses.

In February 2023, the city council considered relator's liquor-license application at a public hearing. The council unanimously approved relator's application. One month later, the city clerk notified relator, by letter dated March 14, 2023, that her application "[was] being denied." The letter informed relator that she had "the right to appeal within 20 days . . . by notifying the City Clerk's Office in writing."

Relator notified respondent of her desire to appeal, and respondent provided a hearing before a hearing officer. Relator was self-represented at the hearing; respondent did not appear. The hearing officer issued a decision as follows: "[T]he conditions for denial are confirmed, and denial of the Intoxicating Liquor License is hereby upheld."

Relator brings this certiorari appeal challenging respondent's denial of her application for on-sale and Sunday sale liquor licenses.

**DECISION**

Judicial review of the denial of a liquor license is obtained through certiorari. *Micius v. St. Paul City Council*, 524 N.W.2d 521, 523 (Minn. App. 1994). "Municipal authorities have broad discretion to determine the manner in which liquor licenses are issued, regulated, and revoked." *Bourbon Bar & Cafe Corp. v. City of St. Paul*, 466 N.W.2d 438, 440 (Minn. App. 1991). And "a city council is vested with broad

discretion in its consideration of a liquor license application." *Country Liquors, Inc. v. City Council*, 264 N.W.2d 821, 824 (Minn. 1978) (quotation omitted).

On certiorari appeal from a quasi-judicial decision not subject to the Minnesota Administrative Procedure Act, our review includes the regularity of the decision-making process. *Anderson v. Comm'r of Health*, 811 N.W.2d 162, 165 (Minn. App. 2012), *rev. denied* (Minn. Apr. 17, 2012). Specifically, we review the record to determine if the decision-making body followed the correct procedure. *Smith v. Minn. Dep't of Hum. Servs.*, 764 N.W.2d 388, 391-92 (Minn. App. 2009).

The Blaine Code of Ordinances sets forth respondent's liquor-license application process. "Every application for a license . . . shall be on a form provided by the city" and the "application form shall be completed to the satisfaction of the city." Blaine, Minn., Code of Ordinances (BCO) ch. 6, § 6-41(a) (Apr. 16, 2009). "If the application form is not completed to the satisfaction of the city, the form and the application shall be returned by the city to the applicant." *Id.*

"On an initial application for a license, . . . the city shall conduct a preliminary background and financial investigation of the applicant or it may contract with the commissioner of public safety for the investigation." BCO § 6-45(a) (June 16, 2016). "If in the discretion of the city, the results of a preliminary investigation warrant, a comprehensive background and financial investigation may occur." BCO § 6-45(b) (June 16, 2016).

The Blaine Code of Ordinances further provides:

3

The city shall investigate all facts set out in the application and not investigated in the preliminary or comprehensive background and financial investigations, if required. Opportunity shall be given to any person to be heard for or against the granting of the license. After any required investigation and hearing, *the council shall in its sound discretion grant or deny the application.*

BCO § 6-46 (June 16, 2016) (emphasis added).

Despite the clear mandate requiring the city council to decide whether to grant or deny a liquor-license application, respondent conceded at oral argument that it used a process that was not "laid out in the ordinance." On February 22, 2023, the city council held a hearing and provided an opportunity for any person to be heard regarding relator's application for on-sale and Sunday sale liquor licenses. Minutes from that meeting stated that "all necessary paperwork and fees have been submitted to the City and staff recommends approval of the request." After an opportunity for public comment, of which there was none, the council voted 5-0 to approve "On-Sale and Sunday Sale Intoxicating Liquor Licenses" for relator's restaurant. The meeting minutes in no way indicate that the city council's decision was subject to any conditions, investigation, or the submission of additional application materials.

However, by a letter dated March 14, 2023, the city clerk notified relator that the Blaine Police Department had completed "the background investigation" and that based on that investigation, relator's application was "being denied." Contrary to the representation in the minutes from the earlier council meeting, the letter indicated that relator had not submitted all the necessary application materials. And although the letter informed relator that "[t]he city council in its sound discretion may either grant or deny

4

the application for any license" and that "[n]o applicant has a right to a license," the letter did not indicate that the decision to deny the licenses had been made or approved by the city council. Indeed, the letter did not expressly or impliedly attribute the decision to the city council, and the city council was not copied on the letter.

Relator complains that, under the Blaine Code of Ordinances, the city council had sole authority to grant or deny relator's application, yet the city clerk denied the application. Relator notes that the city clerk did not have the authority to deny the application. Relator also notes that "the only action taken by the council itself, as reflected in the record, was to approve [r]elator's liquor license application" and "[t]he record does not indicate whether the [c]ity council ever revisited the issue." Thus, relator argues that "the [c]ity's decision appears to have been rendered by an improper arbiter."

Respondent, on the other hand, treats the denial letter from the city clerk as if it were a decision of the city council. In doing so, respondent urges this court to make assumptions that are not supported by the record. For example, at oral argument to this court, respondent argued that the city council's unanimous vote to approve relator's liquor-license application after a public hearing was contingent on completion of a background investigation. But respondent acknowledges that the minutes of the city council meeting do not reflect that contingency. Thus, the record does not support respondent's argument.

The record also does not support respondent's argument that the license denial communicated in the March 2023 letter from the city clerk represents a decision made by the city council. In fact, at oral argument to this court, respondent acknowledged that the

5

council did not make the decision to deny relator's application. Instead, the city council "defer[red]" to staff to make the decision.

It is problematic that the only city council decision of record in this case is the decision *granting* relator's application, yet respondent argues that the application was properly denied on the merits. It is also problematic that respondent relies on extra record documents in support of that argument, specifically, police reports obtained after the city council's vote to approve relator's application. Our review is confined "to the record before the city council at the time it made its decision." *Hard Times Cafe, Inc. v. City of Minneapolis*, 625 N.W.2d 165, 173 (Minn. App. 2001) (quotation omitted). Thus, we do not consider police reports that were not presented to the city council.

Respondent argues that the decision was "made by [city] staff after reviewing the background check instead of by the city council, but the reality [is that] action by the city is still action by the city; the city denied the application [and] it [is] overall a discretionary action by the city." That argument conflicts with clear language in the Blaine Code of Ordinances requiring a decision by the city council itself. Of course, respondent is free to amend its procedures for granting a liquor license. *See Bourbon Bar & Cafe Corp.*, 466 N.W.2d at 440 ("Municipal authorities have broad discretion to determine the manner in which liquor licenses are issued, regulated, and revoked."). But in the meantime, we will not overlook respondent's failure to comply with the clear decision-making mandate in the Blaine Code of Ordinances: "the *council* shall in its sound discretion grant or deny the application." BCO § 6-46 (emphasis added).

Because the city did not comply with the procedure set forth in its ordinance in denying relator's application, we reverse and remand for the city council to make a decision on relator's liquor-license application, consistent with the relevant sections of the Blaine Code of Ordinances. *See Hamline-Midway Neighborhood Stability Coal. v. City of St. Paul*, 547 N.W.2d 396, 399 (Minn. App. 1996) (reversing city's issuance of license to sell firearms because city did not comply with ordinance in issuing license), *rev. denied* (Minn. Sept. 20, 1996).

**Reversed and remanded.**