## A. RALPH SANVIK AND OTHERS v. MARVIN MAHER AND OTHERS.
## DEAN WEILAND AND OTHERS, APPELLANTS.

158 N. W. (2d) 206.

April 11, 1968—No. 40,721.

*Philip J. Stern,* for appellants.
*Carroll & Perbix,* for respondents.

Heard before Knutson, C. J., and Nelson, Otis, Sheran, and Frank T. Gallagher, JJ.

SHERAN, JUSTICE.

Appeal from a judgment of the district court.

Plaintiffs instituted this action to compel defendants as owners of real estate acquired indirectly from Kenneth M. Owen and Elizabeth B. Owen to observe a restriction imposed on the realty by the common grantors on December 19, 1956, which provides:

"No structure shall be erected, altered or placed upon a residential tract other than one new private detached single family dwelling with necessary garage and other structures appurtenant thereto."

Defendants answered, contending that the covenant in question is not enforceable as against them because (a) defendants or their predecessors in title had utilized their respective premises as duplexes or two-family

dwellings openly, notoriously, and with the full knowledge, permission, and consent of plaintiffs and their predecessors in title without objection over a long period of time, and (b) defendants had made an irrevocable change of position in reliance upon acquiescence in the uses made of the realty owned by them.

The trial court found in favor of plaintiffs and directed that an injunction issue commanding the defendants to reconvert the buildings and the premises owned by them into one-family dwelling homes and enjoining them from further violations of the quoted covenant.

Facts disclosed by the record include: Plaintiffs acquired lots in the restriction-burdened tract at various times between 1958 and 1963. Defendants acquired the lots owned by them at various times between 1958 and 1962. The houses on the lots of defendants appear from the outside to be single-family dwellings; but each has been arranged and equipped to accommodate two families. In July 1963 the village of Minnetonka commenced proceedings to compel the home owners who are defendants here to discontinue the use then being made of their houses. On October 14, 1963, a public hearing was held before the village council of Minnetonka with respect to the alleged multiple occupancy. A report of this hearing appeared in the Minnetonka Herald on October 17, 1963. All plaintiffs were present at the meeting of the council of the village of Minnetonka on October 14. As a result of this meeting defendants were given 90 days to discontinue their duplex use and occupancy of the premises.

On January 3, 1964, defendants commenced an action in the District Court of Hennepin County seeking a determination that they were not precluded by the zoning ordinance of the village from the erection and use of double-occupancy dwellings on the premises owned by them.

Witnesses living in the vicinity of the premises owned by defendants testified that they were aware of the double occupancy as early as 1958, even though the houses erected in each instance would appear from the outside to be single-family dwelling units. The records of the tax assessor reflected that the premises owned by defendants were in double occupancy in 1959, 1960, and 1961.

All defendants acquired their premises preconstructed for double occu-

pancy. They expended varying sums for improvements in anticipation of the continuance of such use. They resisted the efforts to eliminate the double occupancy by application of the Minnetonka zoning ordinance.

Until the present action was commenced on December 8, 1964, none of the plaintiffs had demanded of any of the defendants that they abide by the restrictive covenants of the December 19, 1956, declaration.

A decision of the District Court of Hennepin County directing that defendants could not be prevented from double occupancy of their premises by the Minnetonka zoning ordinance forbidding multiple occupancy was filed September 17, 1964. Approximately 12 weeks later the present action was instituted.

Defendants' contention on appeal is that plaintiffs, by delaying the commencement of the present action from the time when signs of the double occupancy of the premises were first observable until December 1964, when the present action was instituted, were guilty of laches which caused defendants to incur expense in reliance upon the nonaction of plaintiffs, and that for this reason the trial court should have denied plaintiffs the relief requested. They cite, in support of this position, Cantieny v. Boze, 209 Minn. 407, 296 N. W. 491, 173 A. L. R. 321; McQueen v. Burhans, 77 Minn. 382, 80 N. W. 201; Enkema v. McIntyre, 136 Minn. 293, 161 N. W. 587, 2 A. L. R. 411; 27 Am. Jur. (2d) Equity, §§ 162, 171; and Annotation, 12 A. L. R. (2d) 394.

We affirm the decision of the trial judge.

The absence of a finding of laches in the findings of fact, conclusions of law, and order for judgment as made by the trial judge in a case such as this one, where the affirmative defense has been pleaded, is equivalent to a finding that laches did not exist. Alsdorf v. Svoboda, 239 Minn. 1, 57 N. W. (2d) 824.

The trial court was justified in refusing implicitly to find plaintiffs' cause of action barred by laches. The dwellings involved appeared from the outside to be single-family dwelling units. Undoubtedly the fact that these houses were being used for double occupancy became known to some of the plaintiffs before the village council proceedings were instituted in an effort to have this multiple use restrained. But it was not until September 1964 that this controversy was resolved by a decision

of the district court holding that the attempt to restrict the use based upon the village ordinance could not succeed. The present action was brought very promptly after that decision. There was no such delay as to compel denial of rights based upon a restrictive covenant the essential validity of which is recognized by all parties to this litigation. We do not agree with defendants' assertions that they have been prejudiced by plaintiffs' delay in asserting their rights. On the contrary, defendants have enjoyed the benefit of a use which would have been denied them had plaintiffs acted sooner. Defendants' assertion that they were induced to contest the action taken by the village to enforce the zoning ordinance only because they thought plaintiffs would be content with the outcome of that case is not persuasive.

Affirmed.