# MR. STEAK, INC. v. SANDQUIST STEAKS, INC.

245 N. W. 2d 837.

July 23, 1976—No. 46246.

*Kelley & O'Neill, James C. O'Neill,* and *Timothy J. Dwyer,* for appellant.

*Bowman & Bruns* and *Larry K. Houk,* for respondent.

Heard before Rogosheske, Peterson, and MacLaughlin, JJ., and considered and decided by the court en banc.

ROGOSHESKE, JUSTICE.

Plaintiff-franchiser appeals from an order denying its motion to hold defendant, its former franchisee, in constructive civil contempt of court for alleged intentional violations of the terms of a settlement stipulation dismissing the parties' pending lawsuit and dissolving their franchise relationship. In our view, the issue presented is whether the remedy of constructive civil contempt in the form of judicial sanctions and indemnity for loss pursuant to Minn. St. c. 588 is available to enforce compliance with the terms of the settlement stipulation which, at the request of the parties, was "approved" by an order of the court immediately

prior to the trial of the lawsuit. We hold that the remedy is not available under the facts of this case and affirm.

Since 1968, defendant has operated a restaurant franchised by plaintiff. After some 2 years of litigation, the parties resolved their dispute by a written stipulation executed May 30, 1975, dismissing the pending lawsuit 3 days before the trial was scheduled. The settlement, which was in large part executory, dissolved their franchise relationship with defendant retaining ownership and operation of the restaurant facility. It called for the exchange of funds and mutual releases and, significant to plaintiff's effort to hold defendant in contempt, required defendant within a specified time to remove all evidence of affiliation with plaintiff's franchised operations. The trial court was informed of the settlement and, upon counsel's joint request, entered the following order on June 2, 1975:

"IT IS HEREBY ORDERED:

"That the Settlement Stipulation dated May 30, 1975, executed by counsel for the above-named parties, be and it is hereby approved."

Upon allegations of defendant's willful violation of the terms of the settlement, plaintiff sought an order adjudging defendant in constructive contempt of the court's order approving the settlement pursuant to Minn. St. 588.01, subd. 3(3); determining the penalty therefor, § 588.10; and providing indemnification for plaintiff's loss or injury, § 588.11. After hearing testimony and argument on August 13, 1975, the trial court, in denying plaintiff relief, explained:

"The remedy of contempt is serious and extreme. This Court doubts that the Order dated June 2nd, approving the Stipulation for Settlement, executed by the attorneys for the defendant corporation was violated by Donald Sandquist, President of Defendant corporation, if, in fact, the referred to identification items were not removed, replaced, or sequestered, as provided in said stipulation so as to make available to Plaintiff punish-

ment for constructive contempt, pursuant to Minn. Stat. 588.10. In any event, the Court finds, from the testimony of the said Donald Sandquist, that the defendant corporation is not in contempt of the June 2, 1975 Court Order and that, therefore, Plaintiff is not entitled to the relief sought by its motion."

The question of whether the remedy of constructive civil contempt is available to enforce a settlement of a lawsuit which has been approved by a court order appears to be one of first impression in this state. While c. 588 authorizes imposition of penalties and indemnity to the injured party against a party found guilty of constructive civil contempt for disobedience of "any lawful judgment, order, or process of the court,"[1] the record for review in this case does not establish a basis for the exercise of that authority. The June 2 order approving the settlement stipulation did not enjoin either party from violating the terms of the agreement, did not order either to do any specific act, and did not incorporate by reference any of the executory terms of the settlement agreement. Nor was the order in the nature of a consent decree where the court participated in the negotiations and undertook a duty to determine that the settlement was fair and in the public interest. Whatever may have been the expectation of the parties, the June 2 order can only be interpreted as simply acknowledging with approval that the parties had privately negotiated a compromise and settlement of their dispute and entered into a written agreement. This agreement is contractual in nature and can be enforced by an ordinary action for breach of contract. Ryan v. Ryan, 292 Minn. 52, 193 N. W. 2d 295 (1971).

In urging that contempt proceedings should be available, plaintiff relies on various Minnesota cases where such proceedings have been employed to enforce alimony and child support orders. In Hopp v. Hopp, 279 Minn. 170, 156 N. W. 2d 212 (1968), we discussed the limited and essential purpose of civil contempt pro-

---

[1] Minn. St. 588.10; 588.11; 588.01, subd. 3(3).

ceedings in divorce litigation specifically authorized by Minn. St. 518.24. In addressing the limits on a trial judge's exercise of civil contempt powers, we stated that one essential prerequisite is that the prior decree or order of a court sought to be enforced by contempt must clearly define the acts to be performed by the alleged contemnor. Accordingly, we are compelled to hold that the June 2 order, which merely acknowledged that the parties have settled their pending lawsuit by an order of approval without imposing any express commands or prohibitions upon defendant, is not a sufficient basis for constructive civil contempt proceedings.

In doing so, we note our conclusion from the reading of the record that plaintiff did establish defendant's failure to remove all identification of its affiliation with plaintiff's franchise within the time required by the settlement agreement. We do not agree with any implication that may arise from the court's explanation quoted above that such was not established by the testimony. Our disposition is thus without prejudice to plaintiff's right to pursue its remedy for breach of contract.

Affirmed.