**Howard B. CARSTEDT, Appellant,**

**v.**

**Gordon L. GRINDELAND and Clean Print Systems, Inc., Steven L. Grindeland and Clean Print, Inc., Respondents.**

**No. C5–84–1962.**

Court of Appeals of Minnesota.

April 9, 1985.

Herman H. Bains, Williamson, Bains, Moore & Hansen, Minneapolis, for appellant.

Robert Lewis Barrows, Leonard, Street & Deinard, William E. Mullin, Bassford, Heckt, Lockhart & Mullin, Minneapolis, for respondents.

Heard, considered and decided by CRIPPEN, P.J., and PARKER and WOZNIAK, JJ.

## OPINION

PARKER, Judge.

Howard Carstedt appeals from an order denying his motion to hold Gordon Grindeland, Steven Grindeland, and their respective corporations in contempt for failure to comply with a prior court order. We affirm.

## FACTS

In June 1973 Howard Carstedt, a machinist, and Gordon Grindeland, the owner of a company called Clean Print Systems, Inc. (CPS), executed a licensing agreement. The agreement granted Grindeland the exclusive right to manufacture and sell an invention of Carstedt's called an automatic sheet decurler, which is installed on printing presses to keep the edges of inked sheets of paper from curling. In return, Carstedt agreed to pursue the patent rights and provide technical assistance in the manufacture, sale, and servicing of the decurlers.

In August 1975 Grindeland became aware that a patent would not issue for the device, and he stopped paying royalties. Carstedt brought an action on the licensing agreement, and Grindeland counterclaimed for rescission. Although Grindeland prevailed at trial, the Minnesota Supreme Court upheld the validity of the contract. *See Carstedt v. Grindeland*, 306 N.W.2d 105, 109–11 (Minn.1981). On remand the trial court calculated past-due royalties and interest in the amount of $415,000. On November 10, 1981, the court ordered entry of judgment and further ordered that *"de-fendants shall pay royalties on all sales of automatic sheet decurlers from June 30, 1981, throughout the life of the License Agreement"* (emphasis added). This "order" was not incorporated into the subsequently entered judgment. It is not disputed that the judgment has been satisfied.

Immediately after receiving the Supreme Court opinion, Gordon Grindeland retired and sold the assets of CPS to his son, Steven Grindeland, who incorporated as Clean Print, Inc. (CPI), in July 1981. Steven Grindeland continues to manufacture and sell the decurler but refuses to pay royalties to Carstedt because he was not a party to the licensing agreement.

Carstedt brought a motion under Minn. Stat. § 588.01, subd. 3(3) (Supp.1983), to hold Gordon Grindeland, Steven Grindeland, and their respective corporations in contempt for violating the November 10 order that "defendants shall pay royalties * * * throughout the life of the License Agreement." He argued that Steven Grindeland and CPI were bound by the order, even though they were not parties to the action, because CPI was merely a continuation of CPS, devised to avoid compliance with the court order. Carstedt alleged that the Grindelands owed him $43,000 in royalties through March 1983.

The trial court denied the contempt motion on the grounds that (1) Steven Grindeland cannot be in contempt of an order to which he was not a party, and (2) Gordon Grindeland did not violate the order because the agreement allowed him to discontinue selling the decurler at his option if no patent issued.

## ISSUE

Did the trial court err in refusing to hold respondents in contempt for violating an "order" to pay future royalties?

## DISCUSSION

Carstedt contends that the transfer of assets from CPS to CPI was fraudulent because it was done to avoid compliance with the November 10 order. In addition,

he contends that CPI is a "mere continuation" of CPS, so that CPS is obligated on CPI's contract and is also in contempt for refusing to pay royalties.

■ The contempt statute provides, in relevant part:

Constructive contempts are those not committed in the immediate presence of the court, and of which it has no personal knowledge, and may arise from any of the following acts or omissions:

\* \* \* \* \* \*

(3) Disobedience of any lawful judgment, order, or process of the court.

Minn.Stat. § 588.01, subd. 3(3) (Supp.1983). One essential prerequisite is that the prior decree or order sought to be enforced by contempt must clearly define the acts to be performed by the alleged contemnor. *Mr. Steak, Inc. v. Sandquist Steaks, Inc.*, 309 Minn. 408, 411, 245 N.W.2d 837, 838 (1976).

■ The "order" requiring Gordon Grindeland and CPS to pay royalties "throughout the life of the License Agreement" is not a personal order in the nature of an injunction, nor does it clearly define the acts to be performed. *See id.* at 410, 245 N.W.2d at 838. It is merely a conclusion of law that the action was one for partial breach of contract; the validity of the contract had been established and the damages calculated up to that point. The order does not adjudicate the parties' continuing obligations under the contract; rather, it assumes a prior adjudication of those obligations.

Accordingly, we hold that the November 10 order is an insufficient basis for constructive civil contempt proceedings. Although Carstedt may have contract or other causes of action against the respondents, he must sue them directly for his damages instead of attempting to litigate the issue through a contempt motion.

The trial court refused to hold respondents in contempt but did so by interpreting the contract to find that "Gordon Grindeland has not done anything to contravene the letter or spirit of the previous order." In view of our decision that the

prior "order" is not a proper basis for contempt proceedings, the language in that paragraph expressing an opinion on the merits is unnecessary and might be prejudicial to Carstedt in a subsequent action. We therefore order that paragraph of the trial court's memorandum, which we find to be paragraph 8, vacated. Our disposition is not intended to prejudice Carstedt's right to pursue other remedies on the merits.

## DECISION

■ The trial court did not err in refusing to find the respondent parties and nonparties in contempt because an "order" to pay future royalties in accordance with a contract is an insufficient basis for civil contempt proceedings under Minn.Stat. § 588.01, subd. 3(3).

Paragraph eight of the trial court's memorandum, which was incorporated into the order of October 9, 1984, is hereby vacated.

Affirmed.