Marie P. FRITZ, Appellant,

Donna Rae Schultz, et al., Plaintiffs,

v.

Gloria A. FRITZ, et al., Respondents.

Nos. C1–85–561, C0–85–1281.

Court of Appeals of Minnesota.

Nov. 19, 1985.

Review Denied Jan. 23, 1986.

Seldon H. Caswell, Oakdale, for appellant.

Leonard V. Crowley, Minneapolis, for respondents.

Considered and decided by POPOVICH, C.J., and LESLIE and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

Appellant Marie P. Fritz appeals in # C1–85–561 from a judgment upholding a transfer of property to respondent Gloria A. Fritz and which determined respondent was liable under a family support agreement for past and future support of Marie Fritz. Appellant contends the trial court erred when it determined that the property transfer was valid. Appellant also appeals in # C0–85–1281 from an order denying her motion to compel payments under the family support agreement.

## FACTS

This litigation is the result of an estate planning transaction. Appellant Marie P. Fritz and her late husband, Raymond C. Fritz, were married in 1932 and had three daughters: Donna Rae Schultz, Catherine M. Johnson, and respondent Gloria A. Fritz. In 1957, Mr. and Mrs. Fritz purchased the Deepwood Ski Area in Dunn County, Wisconsin. On November 26, 1983 they transferred Deepwood, a house on Wentworth Avenue in St. Paul, and the contents of their bank account to their daughter Gloria Fritz. Gloria in turn executed a "family support agreement" and agreed

> to make said assets available and utilize them for the care, support and maintenance of R.C. Fritz and Marie Fritz, and to supplement the income from said assets as may from time to time be necessary, to provide adequate funds for their support.

Mr. Fritz died on January 26, 1984. Because of the prior transfer of property to Gloria, Mrs. Fritz and the other daughters received nothing at his death.

On February 27, 1984, Marie Fritz sued alleging in her amended complaint of August 24, 1984 the transfer to Gloria was accomplished "by use of undue influence, and/or, false representation, and/or, fraud." Marie also contended the consideration for the transfer failed because Gloria had not performed under the support agreement.

At trial, attorney John Speakman, Dr. Mildred Hanson, and Gloria Fritz testified they were present at Deepwood when Mr. and Mrs. Fritz executed the documents transferring the property to Gloria. Speakman drew up those documents at the request of Mr. Fritz. Speakman testified he explained the purpose and effect of the documents to Mr. and Mrs. Fritz separately

on two occasions and that they "were in complete agreement."

The documents were executed in the presence of Speakman, Hanson, Gloria Fritz, and nurse Barbara Secraw. Mr. Fritz's will was witnessed by Hanson and Secraw. No witness testified that any undue influence or pressure was applied to either Mr. or Mrs. Fritz to induce them to sign. Mrs. Fritz appeared alert and competent at the time. In questioning by the court, Mrs. Fritz denied that she had been pressured into signing the documents.

The trial court found Mr. and Mrs. Fritz were in complete agreement when they executed the documents transferring their property to Gloria Fritz. The family support agreement executed by Gloria constituted consideration for the transfer. The court also found that Gloria was

> liable on the Family Support Agreement, and that her liability includes any monthly payment to the nursing home in which Marie Fritz currently resides and which is in arrears.

> \*   \*   \*   \*   \*   \*

> That Gloria A. Fritz is liable for the continued payment of room, board and support of Marie P. Fritz pursuant to the Family Support Agreement executed by her on November 26, 1983.

The court concluded Gloria Fritz was entitled to judgment and dismissed the complaint.

On March 18, 1985, Marie Fritz moved for an order directing Gloria to

> pay all outstanding bills of \* \* \* Marie P. Fritz, for her care, support, and maintenance, as stated in the Family Support Agreement dated November 26, 1983.

In support, Marie submitted numerous affidavits, bills, past due notices, and collection letters. By order of May 13, 1985 the motion was denied. The trial court relied on *Carstedt v. Grindeland*, 365 N.W.2d 347 (Minn.Ct.App.1985) for the proposition that Marie Fritz must bring another action for breach of contract to enforce the family support agreement.

By our order of August 14, 1985, the appeal from the judgment (# C1–85–561) and the denial of the motion (# C0–85–1281) were consolidated.

## ISSUES

1. Does the evidence support the judgment's findings of fact and conclusions of law?

2. Did the trial court properly deny appellant's motion to compel payments under the family support agreement?

## ANALYSIS ·

1. Appellant contends, as she did at trial, that the conveyance of her property to respondent was invalid because mutual consent was lacking and the family support agreement was inadequate consideration for the transfer. Appellant did not make a motion for a new trial. Where no motion for a new trial is made, the only issues on appeal "are whether the evidence sustains the findings of fact and whether such findings sustain the conclusions of law and the judgment." *Gruenhagen v. Larson*, 310 Minn. 454, 458, 246 N.W.2d 565, 569 (1976). The trial court concluded (a) all property received by respondent was the result of a valid transfer by appellant, (b) the family support agreement was valid and enforceable, and (c) Gloria was liable for "all sums not paid thereunder to date." The complaint was dismissed and judgment ordered for Gloria Fritz.

2. The validity of a family support agreement has not been the subject of a reported case in this state for 30 years. *See Dietz v. Dietz*, 244 Minn. 330, 70 N.W.2d 281 (1955). The cases have uniformly held that

> where property is conveyed by voluntary conveyance, with the understanding that the grantee will, by way of consideration therefor, furnish support and maintenance for the grantor during the latter's life, and subsequently the grantee fails substantially to perform such agreement, it should be held that the grantor has received nothing for his land, and that,

by cancellation, the parties be restored to their original situation.

*Haataja v. Saarenpaa,* 118 Minn. 255, 261–62, 136 N.W. 871, 873–74 (1912). This rule was reaffirmed in *Klick v. Fearing:*

We have frequently held that where owners of property convey it to others, usually children, in consideration of the promise of the grantees to furnish care and support and the incidents thereof, such as a home for the grantors for life, such agreements are regarded differently than ordinary commercial agreements. The reason usually assigned for this rule is that such contracts, by their very nature, are incapable of specific performance and therefore the most appropriate remedy, when a child breaches such an agreement, is an annulment of the conveyance.

238 Minn. 76, 79, 55 N.W.2d 594, 595–96 (1952) (citations omitted).

But cancellation of a conveyance is an extreme remedy, to be applied cautiously.

Before the relief involved therein can be granted, it must appear that the parties have failed to perform their covenants in substantial and material particulars, and that it would not be inequitable to grant the relief sought.

*Haataja,* 118 Minn. at 261, 136 N.W. at 873 (citation omitted).

■■■ We agree with the trial court that the conveyance of property from appellant to respondent was valid. There was ample evidence in the record to support the trial court's finding that no undue influence or fraud was present. Witnesses to the execution of the documents testified that Marie Fritz entered into this transaction knowingly and voluntarily. Neither has appellant shown a failure of consideration. Under the *Haataja* standard, appellant was only entitled to cancellation of the conveyances if she could prove a "substantial and material" breach of the family support agreement. There was uncontroverted evidence that Gloria Fritz had paid appellant's nursing home bills until this action was brought. Only 13 weeks had elapsed between the transfer and the complaint. Under these facts, the trial court did not err when it found that the family support agreement was valid and enforceable, and furnished adequate consideration for the transferred property.

■■■ 3. After ruling Marie Fritz had no property interest in Deepwood, and the family support agreement was valid and enforceable, the trial court denied Marie's motion to compel support payments under that agreement. The court treated the support agreement as an ordinary contract, and determined Marie would have to sue directly for support owed her by Gloria. A memorandum incorporated in the trial court's order cited our decision in *Carstedt v. Grindeland,* 365 N.W.2d 347 (Minn.Ct. App.1985) in support. Appellant contends the court, under its equitable jurisdiction, had the power to order payments for her support. We agree.

The trial court's reliance on *Carstedt* was misplaced. *Carstedt* dealt with a contempt motion, brought to enforce an order regarding the payment of royalties under a licensing agreement. The trial court there denied the contempt motion because one of the parties charged had not been a party to the agreement, and the payment of royalties was conditional on the issuance of a patent. *Id.* at 348. We affirmed because we found the order was not a "personal" one and did not "clearly define the acts to be performed." *Id.* at 349. The narrow holding in *Carstedt* was that

an "order" to pay future royalties in accordance with a contract is an insufficient basis for civil contempt proceedings under Minn.Stat. § 588.01, subd. 3(3).

*Id.*

The Minnesota Supreme Court has held that contracts for support:

are *sui generis,*[1] and their breach not to be tolerated "by a refinement upon technical rules and principles of law."

---

1. Of its own kind or class; *i.e.,* the *only one* of its own kind; peculiar.

Black's Law Dictionary 1286 (5th ed. 1979).

*Dietz,* 244 Minn. at 335 & n. 21, 70 N.W.2d at 286 & n. 21.

We think the family support agreement in this matter is more analogous to a support obligation under a dissolution decree than to an ordinary commercial contract. Where a child receives the property of a parent in return for a pledge of support, that relationship should not be governed by the same rules applicable to merchants dealing at arm's length.

The trial court already found the support agreement is valid and enforceable, and Gloria Fritz is liable for the nursing home expenses of Marie Fritz as of the date of the judgment. On remand, the trial court should hold an evidentiary hearing and receive evidence on the reasonable needs of Marie and the resources of Gloria Fritz. The court should determine the past support owed as a sum certain and enter a judgment for Marie Fritz in that amount. The court should order future support on a monthly basis after making findings on Marie's needs. The trial court shall give due regard to the equities of this situation, consider the age and health of Marie Fritz; possible alternatives for her care; and the value of the assets given up by Marie in exchange for support by Gloria.

We expressly limit our decision to the facts in this matter, the written support agreement, and the equities between these parties.

### DECISION

The trial court did not err in finding appellant had transferred her property to respondent in exchange for an enforceable family support agreement. On remand, the trial court should determine reasonable support owed under that agreement and order payment.

Affirmed in part, reversed in part and remanded with directions.