LAMAR, Justice,
Dissenting:
¶ 30. Because the determination that a settlement agreement existed and the terms of that agreement necessarily required the trial court to weigh evidence and judge credibility, even though the only evidence before the court was presented through the conflicting affidavits of two attorneys, I must dissent. I find this procedure for resolving disputed facts improper. I would find that the trial court erred when it granted the plaintiffs’ motion to enforce and accordingly, I dissent.
¶ 31. Contrary to the plurality’s assertion that trial judges “customarily make findings of fact” when presented with motions to enforce settlement, and that this Court has “not found such trial court action to be improper,” I find no Mississippi Supreme Court cases in which this Court actually has been presented with this question. In the first case cited by the plurality to support its assertion, Illinois Central v. McDaniel,[12] the parties stipulated that the trial judge could be the finder of fact. (See ¶ 11 supra). And in the other three cases cited by the plurality,[13] the issue of whether the trial court properly decided issues of material fact was not raised as an issue on appeal. Thus, the fact that this Court has “not found such trial court action to be improper” should not prevent us from doing so today.
¶ 32. I agree with the analysis employed by the United States District Court for the Northern District of Mississippi in Volland v. Principal Residential Mortgage,[14] There, the plaintiff sued Nationwide for various claims arising out of damage to a home caused by Hurricane Katrina.[15] Nationwide filed a Motion to Enforce Settlement Agreement and to Dismiss, based on a confidential settlement agreement signed by the parties.[16] The plaintiff owned two properties insured by Nationwide, however, and claimed that he understood the settlement agreement to pertain to one property only.[17]
¶ 33. At the outset, the district court stated: “Because Nationwide’s motion presents matters outside the pleadings, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56.”[18] The district court ultimately denied Nationwide’s motion to enforce settlement, stating:
[Tjhere is at present a genuine issue of material fact as to whether the scope of the settlement agreement is the product of mistake or indefiniteness. Under the *952 entirety of the circumstances (which is most certainly subject to further development) and for purposes of Rule 56, it is not for the Court to weigh the evidence or evaluate the credibility of witnesses, but to consider the evidence submitted by the parties in support of and in opposition to the motion and grant all reasonable inferences to the non-moving party.... [19]
Several other jurisdictions also take the position that a trial judge should not grant a motion to enforce settlement if disputed factual issues are present.[20]
¶ 34. I disagree with the plurality’s insinuation that, because ICRR did not ask for an additional evidentiary hearing, it somehow waived its objection to the trial judge acting as the finder of fact. To the contrary, ICRR made it clear on several occasions that it did not agree that the trial judge could make findings of fact. For example, in its response to plaintiffs’ motion to enforce, ICRR stated: “Illinois Central does not consent [to any] determination of disputed fact by the Court. Illinois Central agrees that this Court is empowered to render rulings of law based on undisputed facts.” At the November 6, 2006, hearing, counsel for ICRR stated: “We have not agreed to any such determinations of disputed fact by the court in this case.” Later in the hearing, counsel for ICRR stated:
Counsel for ICRR: If I may, plaintiff cited one case, the McDaniel [21] case. There is a very important difference between the issue in McDaniel and the issue here, and that is this. Even though we’re dealing with the issue of prior releases and terms of settlement, that is, in that case, we stipulated that the circuit court judge could be a finder of disputed facts. When we had a hearing like this one, we made that stipulation in that case.
In my view, ICRR should not now be penalized for the plaintiffs’ failure to meet their burden of proof that a meeting of the minds had occurred and that no disputed material fact existed.
¶ 35. Finally, I must point out that the plurality’s statement that “the approximately thirty-six remaining, unpaid plaintiffs had provided the same documentation to ICRR as those plaintiffs who had been paid.” (Plur. Op. ¶ 17). That is simply not true. While it might be true that the *953 unpaid plaintiffs had provided ICRR with the same basic pulmonary questionnaire, the information on those questionnaires certainly was different, informing ICRR of the various prior release and statute-of-limitation issues that remain disputed.
¶ 36. In sum, today’s decision enforces a conditional settlement agreement with absolutely no proof other than the conflicting affidavits of two attorneys. One of those attorneys never even appeared before the court in Mississippi, but managed, nonetheless, to win settlement for all of his plaintiffs with a simple affidavit. This type of summary procedure is totally ill-suited for cases such as this that involve complex factual issues and can be easily abused, as evidenced by this ruling. I simply cannot agree that a trial judge has the authority to force settlement under the facts of this case.
WALLER, C.J., CARLSON, P.J., AND DICKINSON, J., JOIN THIS OPINION.

. Ill. Cent. R.R. v. McDaniel, 951 So.2d 523 (Miss.2006).

. Howard v. TotalFina E & P USA, Inc., 899 So.2d 882 (Miss.2005); Tupelo Redevelopment Agency v. Abernathy, 913 So.2d 278 (Miss.2005); WRH Props., Inc. v. Estate of Johnson, 759 So.2d 394 (Miss.2000). Additionally, I note that Howard v. TotalFina seems to weaken the plurality's argument, as the trial judge in that case denied the motion to enforce settlement because the plaintiff had failed to prove a meeting of the minds. Howard, 899 So.2d at 889.

. Volland v. Principal Residential Mortgage, 2009 WL 1293547 (S.D.Miss. May 7, 2009) (This case was not reported in the federal reporter.).

. Id. at * 1.

. Id.

. Id. at *2.

. Id. at ⅝1 (internal citations omitted).

. Id. at *3.

. See, e.g., Voicestream Minneapolis, Inc. v. RPC Properties, Inc., 743 N.W.2d 267, 273 (Minn.2008) (holding that a trial court "shall treat a motion to enforce a settlement agreement as it would a motion for summary judgment, and explicitly grant or deny each claim”); Barnes v. Lagoon Corp., Inc., 2006 WL 829114, at *1 (Utah App. Mar. 30, 2006) (“It is clear from the record that there are factual disputes regarding whether a settlement agreement was reached and what exactly the terms of that agreement might have been. The district court found that an agreement was created and that Appellant's claims to the contrary were 'unlikely,' but these findings necessarily required the court to weigh evidence and judge credibility without the benefit of hearing actual testimony from the parties and without the benefit of cross-exam-¡nation. Such summary resolution of conflicting facts presented wholly in affidavits is improper.") (internal citation omitted); Staley v. Herblin, 188 S.W.3d 334, 336 (Tex.App.2006) ("Where fact issues are raised or consent has been withdrawn, the only method available for enforcing a settlement agreement is through summary judgment or trial.”); Webb v. Webb, 602 S.W.2d 127, 129 (Tex.Civ.App.1980) (Although ultimately finding that the appellant had waived his right to a jury trial, the Court stated: "This Court is in agreement with appellant insofar as he states that a fact question was presented as to the authority of counsel for appellant to enter into the settlement agreement. Appellant was entitled to have a jury determination of that dispute.”).

. Ill. Cent. R.R. Co. v. McDaniel, 951 So.2d 523 (Miss.2006).