**Michael Scott ANDERSON, Relator,**

v.

**COMMISSIONER OF HEALTH,**
**Respondent.**

No. A11–754.

Court of Appeals of Minnesota.

Jan. 30, 2012.

Daniel Guerrero, Meshbesher & Spence, Ltd., Minneapolis, MN, for relator.

Lori Swanson, Attorney General, Audrey Kaiser Manka, Assistant Attorney General, St. Paul, MN, for respondent.

Considered and decided by MINGE, Presiding Judge; KALITOWSKI, Judge; and ROSS, Judge.

## OPINION

ROSS, Judge.

The commissioner of health permanently disqualified children's hospital nurse Michael Anderson from working in a direct-care position at licensed facilities after the state convicted Anderson of fifth-degree criminal sexual conduct. Anderson asked the commissioner to reconsider and set aside his disqualification because he contends that he can prove he poses no risk of harm. The commissioner declined, con-

cluding that the Minnesota disqualification statute, section 245C.15, affords him no discretion to grant a set-aside even on a showing of no risk because the disqualification rests on a criminal-sexual-conduct conviction. Anderson argues on appeal that the commissioner's decision is contrary to law and that due process requires a risk-of-harm analysis. Because the commissioner accurately recognized that he lacks discretion to set aside Anderson's disqualification and the failure to conduct a risk-of-harm analysis did not violate Anderson's due process rights, we affirm.

## FACTS

Michael Anderson, a children's hospital nurse, stopped at a bar near his Rockford home one evening in December 2009 after Christmas shopping. Anderson claims a partial loss of memory, but he does recall eating, drinking, and playing pull tabs. At some point he was intoxicated and on the dance floor, where he groped a woman's crotch. That's the part he does not remember. A bar employee removed Anderson, and the next week a sheriff's deputy came to his home and told him what he was accused of and that he was being criminally charged.

Anderson entered a *Norgaard* plea to fifth-degree criminal sexual conduct under Minnesota Statutes section 609.3451 (2008). *See State ex rel. Norgaard v. Tahash*, 261 Minn. 106, 113–14, 110 N.W.2d 867, 872 (1961) (holding that a defendant can plead guilty even though he cannot remember the circumstances of the offense). He told the district court that he could not remember the specific incident, but he acknowledged the accuracy of the prosecutor's case. The district court sentenced Anderson and placed him on probation for two years.

Anderson is a surgical nurse, employed for sixteen years in exceptional standing at Minneapolis Children's Hospital. A year after the bar incident, the Minnesota Department of Human Services (DHS) notified Anderson by letter that his conviction disqualifies him from any position allowing his direct contact with persons receiving services at DHS-licensed facilities, following Minnesota Statutes section 245C.15, subdivision 1 (2010). The letter stated that the commissioner had reviewed the conviction and determined that Anderson posed an imminent risk of harm to the people he serves. It also stated that, under Minnesota Statutes section 245C.24, subdivision 2 (2010), the disqualification is permanent and the commissioner cannot set it aside or grant a variance. It informed Anderson that he could ask for reconsideration if he believed that the disqualifying information was incorrect. Anderson wrote back requesting reconsideration, asserting that his conviction does not affect his work as a nurse and that he poses no risk of harm to his patients.

Commissioner Edward Ehlinger denied Anderson's reconsideration request in a letter stating that he could not set aside the disqualification regardless of whether Anderson poses a risk of harm and that he could also issue no variance. Anderson again requested reconsideration, this time through legal counsel, maintaining that the statute requires a risk-of-harm analysis. The commissioner again denied the request. Anderson appeals by certiorari.

## ISSUES

I. Was the commissioner of health's decision not to apply a risk-of-harm analysis to Anderson's disqualification an erroneous application of law?

II. Did the commissioner of health violate Anderson's due process rights by not conducting a risk-of-harm analysis?

## ANALYSIS

### I

■ Anderson argues that the commissioner's decision not to reconsider and apply a risk-of-harm analysis is contrary to law. The commissioner's decision whether to grant a request for reconsideration is a quasi-judicial agency decision not subject to the Administrative Procedure Act, Minnesota Statutes sections 14.63–.69 (2010). *See Rodne v. Comm'r of Human Servs.,* 547 N.W.2d 440, 444 (Minn.App. 1996). On certiorari appeal from a quasi-judicial agency decision not subject to the Administrative Procedure Act, we examine the record to review "questions affecting the jurisdiction of the [agency], the regularity of its proceedings, and, as to the merits of the controversy, whether the order or determination in a particular case was arbitrary, oppressive, unreasonable, fraudulent, under an erroneous theory of law, or without any evidence to support it." *Id.* (quoting *Dietz v. Dodge County,* 487 N.W.2d 237, 239 (Minn.1992)).

■ The commissioner of health must periodically check the backgrounds of workers in direct contact with persons receiving services at state-licensed healthcare facilities. Minn.Stat. § 245C.03, subd. 1(a)(3) (2010). To do so, the commissioner reviews information from the bureau of criminal apprehension. Minn.Stat. § 245C.08, subd. 1(a)(4) (2010). He must disqualify any of these workers from a position allowing direct contact if the worker has been convicted of a crime listed in section 245C.15. Minn.Stat. § 245C.14, subd. 1(a)(1). That list includes criminal sexual conduct, a crime requiring the disqualification to be permanent. Minn.Stat. § 245C.15, sub. 1(a).

The permanent-disqualification provision notwithstanding, Anderson maintains that section 245C.29, subdivision 2(c), identifies risk of harm as a factor that must be considered when determining the appropriateness of permanency. The argument has at least initial appeal based on the subdivision's language: "If a determination that the information relied upon to disqualify an individual was correct and is conclusive under this section, and the individual is subsequently disqualified under section 245C.15, *the individual has a right to request reconsideration on the risk of harm* under section 245C.21." Minn.Stat. § 245C.29, subd. 2(c) (2010) (emphasis added). Anderson urges that the provision implicitly requires the risk-of-harm assessment that he never received.

Despite its initial appeal, Anderson's argument does not survive close scrutiny. Before a 2005 statutory amendment, the commissioner responding to a request for reconsideration could set aside a disqualification resulting from a conviction under section 245C.15, subdivision 1(a), if the disqualified worker could establish that he "does not pose a risk of harm to any person" served by the licensed facility. Minn.Stat. § 245C.22, subd. 4 (2004). But the legislature amended section 245C.24, subdivision 2, restrictively, so that "the commissioner *may not set aside* the disqualification ... if the [individual] was disqualified for a crime or conduct listed in section 245C.15, subdivision 1." 2005 Minn. Laws ch. 136, art. 6, § 7, at 985 (emphasis added). So despite the language in section 245C.29, subdivision 2(c) providing for a risk-of-harm review, which still applies under other circumstances, the commissioner no longer has discretion to set aside the disqualification of a person in Anderson's situation, convicted of criminal sexual conduct. There is no point in the commissioner's conducting a risk-of-harm assessment in reconsideration of a disqualification that cannot be set aside even if the worker poses no harm. We hold that the commis-

sioner's decision is sound, not resting on an erroneous theory of law.

## II

Anderson contends that if the disqualification statute permitted the commissioner to disqualify him permanently from providing direct-care health services without first conducting a risk-of-harm analysis, the statute must be unconstitutional. We review de novo questions of a statute's constitutionality. *Associated Builders & Contractors v. Ventura*, 610 N.W.2d 293, 298 (Minn.2000). Anderson maintains that the statute unconstitutionally allowed the state to disqualify him from providing health care directly without due process. Both the United States and Minnesota constitutions provide that a person may not be deprived of life, liberty or property without due process of law. *See* U.S. Const. amend. XIV, § 1; Minn. Const. Art. I, § 7. We review Anderson's challenge under both federal and state precedent because an individual's state-protected and federally protected due process rights are coextensive. *Sartori v. Harnischfeger Corp.*, 432 N.W.2d 448, 453 (Minn.1988).

We have some difficulty addressing Anderson's constitutional argument because it is not clearly framed. Anderson's opening brief contends that he was denied "procedural due process" and asks us to evaluate his claims under the three factors announced in the seminal procedural due process case, *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976). But Anderson does not seem to make a procedural challenge; he makes an apparent substantive challenge. He emphasizes, "[W]e are not asking for an evidentiary hearing. We are simply asking that the commissioner conduct a risk of harm analysis consistent with the statutory factors [that take into account the totality of the circumstances]." Anderson contends essentially that the commissioner is constitutionally prohibited from applying the nondiscretionary statute to disqualify him because, in the context of the surrounding circumstances, he allegedly does not pose an actual risk of harm to his patients. In other words, he asks us to hold the statute unconstitutional because it fails to require the commissioner to analyze a substantive element (specifically, proof of risk of harm) that the disqualification statute does not, but constitutionally must, require. The difficulty is that although this is his essential position, he offers no argument or authority to support it. Anderson's reply brief references substantive due process, but it does so with no supporting argument. With this background, we address Anderson's constitutional challenge as best we can.

We reject the substantive due process contention that is first mentioned in Anderson's reply brief because "issues not raised or argued in appellant's brief cannot be raised in a reply brief." *Fontaine v. Steen*, 759 N.W.2d 672, 676 (Minn.App. 2009). To the extent we treat Anderson's opening brief as attempting to state a substantive due process argument, we reject the argument on two grounds. First, the argument is undeveloped, supported neither by reasoning nor any authority from which we might infer his reasoning. *See State Dep't of Labor & Indus. v. Wintz Parcel Drivers, Inc.*, 558 N.W.2d 480, 480 (Minn.1997) (declining to reach issues in the absence of adequate briefing); *Schoepke v. Alexander Smith & Sons Carpet Co.*, 290 Minn. 518, 519–20, 187 N.W.2d 133, 135 (1971) ("[A]ssignment of error based on mere assertion and not supported by any argument or authorities in appellant's brief is waived and will not be considered on appeal unless prejudicial error is obvious on mere inspection.").

■ Second, the position has no apparent merit. To prevail, Anderson would have to prove that his interest in not being disqualified from direct-care positions in state-licensed health-care facilities is constitutionally protected and that the commissioner interfered with that interest to such an extent that the decision offended constitutional due process. *See C.O. v. Doe,* 757 N.W.2d 343, 349 (Minn.2008). Anderson's position overcomes the first hurdle. We have already held that a nurse has a protected property interest in holding direct-care positions in state-licensed facilities. *Obara v. Minn. Dep't of Health,* 758 N.W.2d 873, 878 (Minn.App. 2008). But he does not clear the second hurdle. We will hold a statute to have violated substantive due process rights only if, applying a rational-basis test, the challenger has established that the statute is not reasonably related to a legitimate governmental interest. *See In re Individual 35W Bridge Litigation,* 806 N.W.2d 811, 816 (Minn.2011). We have no difficulty in identifying the state's legitimate interest here—to safeguard patients in licensed health-care facilities from assault—or in recognizing a reasonable relationship between this legitimate interest and disqualifying those convicted of criminal sexual conduct from having direct access to those patients. Implicit in Anderson's position is that, by automatically disqualifying convicted criminal sexual offenders even if they may not pose a real risk of harm, the statute is overly inclusive, not narrowly tailored to its objective. But he has made no claim that the statute implicates a fundamental right, which might call for this higher level of constitutional scrutiny. *See SooHoo v. Johnson,* 731 N.W.2d 815, 821 (Minn.2007) ("Strict scrutiny is the appropriate standard of review when fundamental rights are at issue."). And the reasonable relationship is self-evident.

■ We cannot say much about Anderson's procedural due process argument because he asks for a substantive rather than procedural remedy. It is sufficient to hold, as we do, that the process afforded to Anderson gave him a full and fair opportunity to challenge any factual and legal issue made relevant by the terms of the disqualification statute. He was notified of the disqualification and of the basis for it, he submitted without restriction his written reconsideration argument that was denied on the merits with a full explanation, and through his attorney he submitted without restriction a second reconsideration argument that was denied on the merits with an even more thorough explanation that advised him of his right to pursue this certiorari appeal. Given that Anderson does not claim that the process afforded him prohibited him from developing any statutorily relevant position and that he expressly makes no claim of right to an evidentiary hearing, we must reject his procedural due process argument.

We have declined Anderson's implicit urging that we decide whether he poses any actual risk of harm to his patients at the children's hospital, and we recognize (at least on our limited factual record) that, if allowed to make the argument, he might convince some evaluator that the circumstances of his offense would not support a finding that he does. But the legislature has chosen to strictly bar those convicted of criminal sexual conduct from ever providing direct-care service at state-licensed facilities, and this facially rational approach is certainly not unconstitutional on the grounds asserted.

## DECISION

The health commissioner did not violate the disqualification statute or Anderson's asserted due process rights when the commissioner disqualified Anderson from a po-

sition involving direct-care health services without first conducting a risk-of-harm analysis.

**Affirmed.**

MINGE, Judge (concurring specially).

I concur in affirming the decision of the Commissioner of Health and in part I of the analysis. With respect to part II, I concur in the analysis of procedural due process and in that part of the substantive due process analysis that declines to reach the substantive due-process issue based on briefing considerations. Because I would not reach the merits of the substantive due-process arguments, I do not join in that portion of part II of the opinion.