*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1655**

Edna Musu Swaray,
Relator,

vs.

Commissioner of Health,
Respondent.

**Filed July 11, 2016
Affirmed
Smith, John, Judge\***

Department of Health
Health Facility ID: 20973

Edna Musu Swaray, St. Paul, Minnesota (pro se relator)

Lori Swanson, Attorney General, Audrey Kaiser Manka, Assistant Attorney General, St. Paul, Minnesota (for respondent)

Considered and decided by Larkin, Presiding Judge; Schellhas, Judge; and Smith, John, Judge.

---

\* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**UNPUBLISHED OPINION**

**SMITH, JOHN**, Judge

We affirm respondent commissioner of health's denial of relator's request for reconsideration of her disqualification from providing direct-care services because relator alleges no error or abuse of discretion in respondent's decision.

**FACTS**

On October 29, 2007, relator Edna Musu Swaray was convicted of felony theft by false representation for theft of unemployment benefits. On November 19, 2008, after a required pre-employment background study revealed her 2007 conviction, the Minnesota Department of Human Services (DHS) disqualified relator from providing direct-care services in state-licensed facilities or through unlicensed home healthcare agencies.[1] Relator's 2007 felony conviction triggered a 15-year disqualification. Minn. Stat. § 245C.14, subd 1(a)(1) (2014); Minn. Stat. § 245C.15, subd. 2(a) (2014). After relator requested reconsideration of her disqualification under Minn. Stat. § 245C.22 (2014), respondent granted a set-aside of the disqualification, allowing relator to provide direct-care services.

On June 18, 2015, relator pleaded guilty to misdemeanor theft. On July 13, DHS again disqualified relator from providing direct-care services. Relator's 2015 misdemeanor conviction triggered a seven-year disqualification. Minn. Stat. § 245C.14,

---

[1] Under the Department of Human Services Background Studies Act, Minn. Stat. §§ 245C.01-.34 (2014 & Supp. 2015), individuals who wish to work with vulnerable populations in certain state-licensed facilities must undergo a background study before they can provide direct-care services. *See also* Minn. Stat. § 144.057, subd. 1 (2014).

subd. 1(a)(1); Minn. Stat. § 245C.15, subd. 4(a) (2014). When DHS notified relator of her 2015 disqualification, DHS also informed her that if she believed that her criminal record was inaccurate, or that she did not pose a risk to the population she wished to serve, she could request reconsideration of her disqualification.

On August 12, relator requested reconsideration, arguing that she did not pose a threat to the population she wished to serve. A commissioner of health appeals coordinator, on behalf of respondent, reviewed relator's request and concluded that not enough time had passed since her second theft offense to establish that she did not pose a risk of harm. On August 19, respondent denied relator's request to set aside her disqualification. Relator appeals by petition for writ of certiorari.

## D E C I S I O N

In her pro se appellate brief, relator challenges respondent's decision and asks for "mercy and forgiveness." She requests that this court set aside her disqualification because it will be "hard on [her] and frustrating to change [her] career." Relator does not point to any error or abuse by respondent, and does not argue that her disqualification was based on false information.

An "argument [that] is undeveloped, [and] supported neither by reasoning nor any authority from which we might infer [relator's] reasoning" should be rejected. *Anderson v. Comm'r of Health*, 811 N.W.2d 162, 166 (Minn. App. 2012), *review denied* (Minn. Apr. 17, 2012). The challenge raised in relator's brief does not contain any legal arguments or citations to legal authority and is therefore waived. *State v. Bartylla*, 755 N.W.2d 8, 22 (Minn. 2008); *State v. Krosch*, 642 N.W.2d 713, 719 (Minn. 2002).

3

Relator asks this court to grant her relief without any legal justification, we decline to do so.

We affirm respondent's decision to deny relator's request for reconsideration of her exclusion.

**Affirmed.**