*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2016).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0542**

Imholte Farms Partnership,
Respondent,

vs.

John Kerwin, et al.,
Appellants.

**Filed January 9, 2017
Affirmed
Ross, Judge**

Sherburne County District Court
File No. 71-CV-14-732

Thomas G. Jovanovich, Jessie L. Sogge, Jovanovich, Kadlec & Athmann, PA, St. Cloud, Minnesota (for respondent)

Allison F. Eklund, Eklund Law, PC, Roseville, Minnesota (for appellants)

Considered and decided by Ross, Presiding Judge; Cleary, Chief Judge; and Jesson, Judge.

## UNPUBLISHED OPINION

**ROSS**, Judge

Imholte Farms Partnership sued John Kerwin after Kerwin's cattle wandered into an Imholte Farms cornfield and damaged its crop. The parties tried to settle their disagreement, but they could not come to terms over a potentially remedial property swap.

Kerwin asked the district court to enforce the attempted settlement anyway. He made this request by letter two weeks before trial and then arrived the day of trial attempting to serve his settlement-enforcement summary-judgment motion on Imholte Farms. The district court denied the motion as untimely. The jury heard the merits of the case and decided in Imholte Farms's favor. Kerwin appeals the district court's refusal to enforce the attempted settlement agreement, but he concedes that his motion was untimely and he otherwise identifies no reversible error. We therefore affirm.

**FACTS**

John Kerwin's cattle left his land and ambled onto the neighboring Imholte Farms Partnership cornfield on multiple occasions between June and September 2013. The cows ate, trampled, or lay on stalks, prompting Imholte Farms to sue Kerwin for $10,659.60 in damages. The district court issued a scheduling order under which the parties were to complete mediation by October 17, 2014, file all dispositive and nondispositive motions by November 14, 2014, and commence a jury trial on January 20, 2015.

The parties tentatively settled their dispute on October 16, 2014. The settlement included a plan for the parties to swap parcels, but finalizing the property swap proved difficult because of a Minnesota Land Trust conservation easement that required the trust's consent, which it did not convey. Imholte Farms notified the district court in September 2015 that the tentative settlement had failed. The district court set a new trial date of January 19, 2016, and, meanwhile, the parties attempted to negotiate a new deal.

The parties failed to reach a new agreement. About two weeks before trial, Kerwin's attorney withdrew. Kerwin sent a letter to the district court asking it either to continue the

trial so he could find a new attorney or to enforce the original settlement agreement. He explained the terms of that failed agreement and attached a copy. The district court denied his request for a continuance and declined to consider or enforce the purported agreement.

Kerwin arrived the morning of trial attempting to move for summary judgment based on the failed settlement agreement. He argued that Imholte Farms had misunderstood the conservation easement's effect and that the agreement's terms could still be performed. The district court refused to consider Kerwin's motion because it was both untimely and unfiled. The court directed the case to trial, and the jury found Kerwin liable in a verdict that awarded Imholte Farms $10,890 in damages. The district court entered judgment on the verdict, including treble damages, for a total award of $32,670. Kerwin appeals.

## D E C I S I O N

Kerwin argues that the district court should have enforced the settlement agreement and not proceeded to trial. But he challenges none of the district court's three essential decisions: (1) it denied Kerwin's continuance request; (2) it treated Kerwin's request to enforce the settlement agreement as a summary-judgment motion; and (3) it denied Kerwin's summary-judgment motion as untimely, not reaching its merits. Because Kerwin does not contest any of these decisions, his appeal cannot succeed.

Kerwin's brief does mention the fact that the district court denied his continuance request and declares baldly that "[a]n appropriate course of action" would have been to grant it. The declaration does not develop into an argument supported by reason or authority. So we do not consider it further. *See Anderson v. Comm'r of Health*, 811 N.W.2d 162, 166 (Minn. App. 2012), *review denied* (Minn. Apr. 17, 2012).

3

Kerwin instead attempts an end-around argument to reach the merits of his summary-judgment theory. He acknowledged at oral argument that the district court may characterize a settlement-enforcement request as a motion for summary judgment under *Voicestream Mpls., Inc. v. RPC Props., Inc.*, 743 N.W.2d 267, 273 (Minn. 2008) (holding that a district court shall treat a motion to enforce a settlement agreement as it would a motion for summary judgment). And he acknowledged that his motion was untimely. He suggests that he is not actually appealing from the summary-judgment decision but, rather, from the result of a trial that should have never taken place (because of the summary-judgment decision).

At oral argument, Kerwin theorized that the district court should not have proceeded to trial because an enforceable settlement agreement was in place and the merits of his settlement-enforceability argument warrant our attention. The theory essentially urges us to disregard both the dispositive nature of the district court's untimeliness decision and the dispositive effect of Kerwin's failure to challenge that decision on appeal. We can do neither. And if these obstacles were not enough, he faces two more: he has also not attempted to overcome the bar to appellate review resulting from the district court's decision not to address the merits of the argument (*see Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988) (holding that an appellate court generally considers only those issues presented to and considered by the district court)) or to overcome his failure to successfully introduce a copy of the alleged settlement agreement into the record (*see id.* at 582–83 (holding that appellate courts may not consider matters outside the record)).

4

Kerwin added at oral argument that we should reach the merits because the district court treated him unfairly, urging that district courts should relax the procedural rules for unrepresented parties. But his urging contradicts established standards. *See* Minn. R. Gen. Pract. 1.04; *Heinsch v. Lot 27*, 399 N.W.2d 107, 109 (Minn. App. 1987) (stating that pro se litigants are generally held to the same standards as attorneys and that unfamiliarity with procedural rules is not good cause to excuse untimely action). The district court exhibited no unfair bias on account of Kerwin's status as an unrepresented party.

Our conclusive, threshold issue remains whether the district court erred by denying Kerwin's summary-judgment motion as untimely under the court's scheduling order. We review the enforcement of a scheduling order for abuse of discretion. *See Maudsley v. Pederson*, 676 N.W.2d 8, 12 (Minn. App. 2004). Kerwin's appellate brief and oral argument expressly concede that the district court properly rejected the motion as untimely. The concession is reasonable; Kerwin attempted to bring his motion on the day of trial, more than 14 months after the deadline. Motions for summary judgment must comply with the requirements of rule 115.03 of the General Rules of Practice for the District Courts. Minn. R. Civ. P. 56.03. Parties must generally serve and file dispositive motions at least 28 days before a hearing. Minn. R. Gen. Pract. 115.03. And in no event may a party serve a summary judgment motion less than 10 days before the hearing. Minn. R. Civ. P. 56.03. Kerwin brought his motion the morning of trial, seeking an immediate hearing, and Imholte Farms never waived the notice requirements. The district court did not abuse its discretion by declining to address the merits of the untimely motion.

**Affirmed.**